The Jenney Electric Light and Power Company v. Murphy.

No. 13,237.

## THE JENNEY ELECTRIC LIGHT AND POWER COMPANY v. MURPHY.

**MASTER AND SERVANT.**—*Latent Defects in Implements of Labor.*—*Duty and Liability of Master.*—If an employee, reposing confidence in the prudence and caution of the employer, relies upon the adequacy of implements put into his hands to work with, and upon the safety of the place assigned him to work, and sustains injury in consequence of the failure or neglect of the employer to disclose latent defects or perils which the latter knew, or which he should have known of by the exercise of reasonable diligence, the employee is entitled to remuneration for his loss.

**SAME.**—*Master not an Insurer.*—*Tools and Appliances.*—*Dangerous Service.*— The employer is not an insurer against injury, nor is he required to furnish tools or appliances of the best or most approved design, safe beyond any peradventure or contingency; but he engages that he will not expose the employee to danger which is not obvious, or of which the latter has no knowledge or adequate comprehension, and which is not reasonably incident to and within the ordinary risks of the service undertaken.

**SAME.**—*Use of Obviously Defective Implement.*—If an employee voluntarily, without specific command as to time and manner, uses an obviously defective implement, the defect being alike open to the observation and within the comprehension of employer and employee, both stand upon common ground, and no recovery can be had for a resulting injury to the latter.

**SAME.**—Where an employee has within his own control the manner of using an obviously defective tool, and the means of securing safety if he chooses to employ them, if he neglects the means of security to himself he thereby elects to take the risk, and can not recover for a resulting injury.

From the Allen Superior Court.

*P. A. Randall* and *W. J. Vesey,* for appellant.

*R. S. Robertson,* for appellee.

MITCHELL, J.—This was a suit by William Murphy against the electric light company above named, to recover damages for personal injuries alleged to have been sustained by the plaintiff while in the company's service. The plaintiff had

a verdict and judgment below from which this appeal is prosecuted.

Among other grounds upon which a reversal is claimed, it is contended that the evidence was wholly insufficient to sustain the verdict.

The undisputed evidence shows that the plaintiff engaged in the company's service on the 29th day of September, 1885, his duty being to assist in maintaining and repairing the lines of electric wires, etc., in the city of Fort Wayne, under the direction of Sylvester Town, the general foreman or superintendent of that branch of the company's business. He was twenty-three years old, and of ordinary intelligence and experience. On the morning of the fourth day after entering the company's service, the plaintiff and several other workmen employed by the company were directed by the foreman, Town, to take a certain ladder and proceed to the Robinson House, a hotel in the city, and adjust some electric wires over a door in the rear part of the building. The ladder which they were directed to take and use in accomplishing their work was from twelve to fourteen feet long, and had one of the side-rails broken off about twenty inches from the top, at or near a point where the top round entered the rail. It had been used in that condition for a year or more. The workmen having proceeded to the Robinson House as directed, the plaintiff mounted the ladder, which had been taken along, and while engaged in nailing on a bracket above the door, the ladder slipped and turned, the end of the short rail coming below the door-casing, so as to cause the plaintiff to be thrown with violence upon the steps below. He suffered a painful bruise or sprain of his elbow, causing the arm to become much swollen, down to and involving the wrist. The plaintiff had used the ladder before, and knew of its defective condition, which was open to the observation of any one, but did not consider it dangerous. In this respect the testimony of the plaintiff and that of the foreman,

Town, is in accord. Both knew of the condition of the ladder. Neither regarded it as dangerous.

The question now is, must the company respond in damages for an injury sustained by the plaintiff in the use of a defective implement, the condition of which was equally known to both, and which both supposed could be used without danger.

The general rule relied upon in support of the judgment appealed from has often been declared and reiterated in recent cases decided by this court, and is thoroughly well settled everywhere. This rule requires the employer to furnish adequate tools and suitable implements and appliances for the use of the employee in the performance of the duties required of him, a safe and suitable place in which to prosecute his work, and, when the necessities of the work demand it, adequate direction and competent assistants in the performance of his duties. If an employee, reposing confidence, as he has a right to, in the prudence and caution of the employer, relies upon the adequacy of the implements put into his hands to work with, and upon the safety of the place assigned him to work, and sustains injury in consequence of the failure or neglect of the employer to disclose latent defects or perils which the latter knew, or which he should have known of by the exercise of reasonable diligence, the employee is entitled to remuneration for his loss. *Bradbury* v. *Goodwin*, 108 Ind. 286; *Krueger* v. *Louisville, etc., R. W. Co.*, 111 Ind. 51, and cases cited; *Mitchell* v. *Robinson*, 80 Ind. 281; *Boyce* v. *Fitzpatrick*, 80 Ind. 526; *Atlas Engine Works* v. *Randall*, 100 Ind. 293; *Indiana Car Co.* v. *Parker*, 100 Ind. 181; *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Pennsylvania Co.* v. *Whitcomb*, 111 Ind. 212; *Stringham* v. *Stewart*, 100 N. Y. 516; *Pantzar* v. *Tilly, etc., Mining Co.*, 99 N. Y. 368; *Bean* v. *Oceanic Steam Nav. Co.*, 24 Fed. Rep. 124.

The employer does not, however, become an insurer of the

employee against injury, nor does he covenant to supply tools and appliances that are safe beyond any peradventure or contingency, nor to furnish implements of the best, or most approved, or of any particular design. *Burke* v. *Witherbee*, 98 N. Y. 562; *Powers* v. *New York, etc., R. R. Co.*, 98 N. Y. 274; *Lake Shore, etc., R. W. Co.* v. *McCormick*, 74 Ind. 440. What he especially engages is, that he will not expose the employee to danger which is not obvious, or of which the latter has no knowledge or adequate comprehension, and which is not reasonably and fairly incident to and within the ordinary risks of the service which he has undertaken.

There is another equally well settled principle, correlative to the rules which define the duties of the employer, which holds the employee to the assumption of all risks naturally and reasonably incident to the service in which he embarks, so far as the hazards of the service are obvious and within the apprehension of a person of his experience and understanding. From the application of this principle, it follows that if an employee voluntarily, without specific command as to time and manner, uses an obviously defective implement, the defect being alike open to the observation and within the comprehension of employer and employee, both stand upon common ground, and no recovery can be had for a resulting injury. *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20, and cases cited; *Louisville, etc., R. W. Co.* v. *Frawley, supra; Umback* v. *Lake Shore, etc., R. W. Co.*, 83 Ind. 191; *Philadelphia, etc., R. R. Co.* v. *Keenan*, 103 Pa. St. 124; *Green & Coates, etc., R. W. Co.* v. *Bresmer*, 97 Pa. St. 103; *English* v. *Chicago, etc., R. W. Co.*, 24 Fed. Rep. 906.

Thus it has been well stated, " that an employee who knows, or by the exercise of ordinary diligence could know, of any defects or imperfections in the things about which he is employed, and continues in the service without objection, and without promise of change, is presumed to have assumed all the consequences resulting from such defects, and to have waived all right to recover for injuries caused thereby."

*Perigo* v. *Chicago, etc., R. R. Co.*, 52 Iowa, 276; *Lovejoy* v. *Boston, etc., R. R. Co.*, 125 Mass. 79; *Marsh* v. *Chickering*, 101 N. Y. 396; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1.

In *Marsh* v. *Chickering, supra*, which grew out of a claim for damages resulting from the slipping of a ladder, a judgment of the lower court for the plaintiff was reversed, notwithstanding it appeared that the plaintiff had notified the employer of the defective condition of the ladder, and the latter had promised to have it repaired. The case is not distinguishable in principle from the one now under review.

It may frequently happen that the danger attending the operation of a complicated machine, or of performing a certain service, or working in a particular position, although obvious to persons of experience and knowledge of the situation, are nevertheless not appreciated by others on account of ignorance or inexperience; and in the application of the rules already adverted to, due regard must be had concerning the intelligence and experience of the person employed, in relation to the machinery or implement at or with which he is required to serve.

In the present case, as we have seen, the plaintiff was of mature age and of average mental capacity. An implement less complicated or more easily comprehended than a twelve or fourteen-foot ladder, can hardly be conceived of, and the consequence of going upon one in the defective condition of that described, unless with extreme caution, must be within the comprehension of every adult person of ordinary intelligence. While it is true that the appellee and the other workmen where directed by the foreman to use the defective ladder in accomplishing a particular end, yet the manner of using it, and the precautions which they should or might take in using it, so as to avoid injury, were left to their own discretion.

Where an employer commands his employee, whom he assumes to direct, to use a defective implement in a particular

The Jenney Electric Light and Power Company *v.* Murphy.

way, leaving the latter no discretion as to the time or manner of its use, the employee may rely upon the superior knowledge and experience of the employer, unless the defect is so glaring and extreme as to make the danger of using the utensil apparent to any one. On the other hand, when an employee has within his own control the manner of using an obviously defective tool, and the means of securing safety, if he chooses to employ them, if he neglects the means of security to himself he elects to take the risk. In such a case, it can not in reason be said that the employee has acted upon the confidence reposed in the employer, and that he is, therefore, entitled to remuneration. *Fort Wayne, etc., R. R. Co.* v. *Gildersleeve,* 33 Mich. 133.

The appellee testified that while knowing of the defective condition of the ladder, he did not consider it dangerous. By this he must have meant that in his opinion the ladder could have been safely used notwithstanding its condition, in case proper precaution had been taken.

We can conceive of no principle which would sustain a judgment holding an employer liable under the circumstances presented by the evidence in the present case. Our conclusion, therefore, is, that the court erred in overruling the appellant's motion for a new trial.

Judgment reversed, with costs, with instructions to the court below to sustain the appellant's motion for a new trial.

Filed Sept. 29, 1888.