## FORDYCE v. STAFFORD.

### Opinion delivered April 8, 1893.

*Master and servant—Use of defective implement.*

> A railway company is not liable for injuries to an employee struck in the eye by a chip from a steel chisel used in cutting a rail on the railway track, while he was standing seven feet distant steadying the rail, where, although the chisel had been used about two years and the head was considerably battered from use, its condition was visible and might have been known by the injured employee, who took it, with other tools, from the tool-box each morning and returned it at night.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. Plaintiff failed to prove that the piece of steel came from the chisel. If it came from the rail, or was caused by an awkward blow of a fellow-servant, or if the defect in the chisel was visible or known, or might have been known by ordinary care, the defendant was not liable. Railroads are only required to exercise ordinary care and prudence in furnishing reasonably safe tools. 53 Ark. 352; 44 *id.* 529; 46 *id.* 555; 39 A. & E. R. Cas. 355; 35 Ark. 637; Pierce on Railroads, 379.

2. If the defect was patent, and plaintiff had opportunity of discovering it, and might reasonably have done so, he cannot recover. 39 Ark. 38; 41 *id.* 542; 25 N. Y. 562; 20 Mich. 114; 63 N. Y. 452; 2 Thompson, Neg. 1008, sec. 15, note 3; 48 Ark. 333.

3. If the injury was caused by the negligence of a fellow-servant, there can be no recovery. 35 Ark 602; 39 *id.* 17; 44 *id.* 524; 42 *id.* 417.

4. There being no evidence to sustain the verdict, the cause should be reversed and dismissed. Acts 1891, ch. 159, sec. 2.

*Hardy & Thornton* for appellee.

1. The verdict is not without evidence to sustain it, and ought not to be disturbed. 27 Ark. 592; 46 *Id.* 524; 53 *Id.* 352; 18 S. W. Rep. 172.

2. Railroad companies are required to use ordinary care in providing and maintaining safe tools. 19 S. W. Rep. 576; 100 U. S. p. 612.

3. The employee must know of the defect, or it must be such as, in the exercise of ordinary care, he ought to have known, in order to preclude a recovery. 48 Ark. 345–7.

4. A section foreman and his men are not fellow servants. 17 S. W. Rep. 748; 18 *Id.* 1094 ; 68 Cal. 225; 22 Atl. Rep. 1094 ; 34 Ill. 312 ; 39 Mo. 424; 77 Ga. 202; 30 Ill. 388 ; 43 Mo. App. 547 ; 39 Ark. 28 ; 44 *Id.* 530. But if they were, and the injury was the result of a defective tool negligently furnished by defendant, then it matters not that a fellow servant contributed to the injury. 54 Ark. 289; 44 *Id.* 529 ; 112 U. S. 377.

HUGHES, J. The appellants seek to reverse a judgment against them in favor of the appellee for damages for injury received by the appellee while in the employment of appellants. The appellee was engaged with other employees in assisting in cutting an iron or steel rail on the track of the railroad of which the appellants were in charge as receivers. A steel chisel was used in the work, which was driven by an iron maul in the hands of a co-employee of the appellee. The appellee was standing on the rail to steady it at the time of the injury, about seven feet from the point where the rail was being cut. A chip from the chisel or from the rail flew and struck one of appellee's eyes, inflicting an injury which resulted in the loss of his eye.

The evidence was that the chisel was a proper implement for the work for which it was used ; that it was made of good material, and in reasonably good condition, though the head of it was considerably battered from use; that it had been in use about two years ; that such chisels are used for such purposes sometimes for five years; that its condition was visible, and by the exercise of ordinary care might have been known to the appellant, who took it with other tools from the toolbox each morning, and returned it at night; that the appellant was 57 years of age, and an experienced railroad man.

The right of the appellee to maintain this action is based upon the alleged negligence of the appellants in

not furnishing a proper chisel for use in the work about which the appellee was engaged.

It is the duty of the employer to furnish adequate tools and suitable implements and appliances for the use of the employee in the performance of the duties required of him. If an employee, reposing confidence, as he has a right to do, in the prudence and caution of the employer, relies upon the adequacy of the instruments to be used in the work about which he is employed, and sustains injury in consequence of the failure or negligence of the employer to disclose latent defects, or perils, which the latter knew, or of which he ought to have known by the exercise of reasonable diligence, the employee is entitled to remuneration for his loss. *Jenny Electric Light Co.* v. *Murphy*, 115 Ind. 568.

The employer is not an insurer of the employee against injury, and is not bound to furnish tools and appliances that are safe beyond any peradventure or contingency, or to furnish implements of the best or most approved, or of any particular, design. His contract is that he will not expose the employee to danger that is not obvious, or of which the latter has no knowledge or adequate comprehension, and which is not reasonably and fairly incident to and within the ordinary risks of the service which he has undertaken. The employee assumes all risks naturally and reasonably incident to the service in which he engages, where the hazards of the service are obvious, and within the apprehension of a person of his experience and understanding. If an employee voluntarily, without specific command as to time and manner, uses an obviously defective implement, the defect being alike open to the observation and within the comprehension of employee and employer, both stand upon common ground, and no recovery can be had for an injury resulting therefrom to the latter. *Jenny Electric*

*Light Co.* v. *Murphy*, 115 Ind. *supra; L. R. & Ft. Smith R. Co.* v. *Duffey*, 35 Ark. 602.

In *Marsh* v. *Chickering*, 101 N. Y. 396, it is said: "Where persons are employed in the performance of ordinary labor, in which no machinery is used, and no materials furnished, the use of which requires the exercise of great skill and care, it can scarcely be claimed that a defective instrument or tool furnished by the master, of which the employee has full knowledge and comprehension, can be regarded as making out a case of liability within the rule laid down. A common laborer who uses agricultural implements while at work upon a farm or in a garden, or one who is employed in any service not requiring great skill and judgment and who uses the ordinary tools employed in such work, to which he is accustomed and in regard to which he has perfect knowledge, can hardly be said to have a claim against his employer for negligence if in using a utensil, which he knows to be defective, he is accidentally injured. * * * He fully comprehends that the instrument which he employs is not perfect, and if he is thereby injured it is by reason of his own fault and negligence."

Applying these principles to this case, the appellants were not guilty of negligence in the premises, and the recovery by the appellee was unwarranted.

The judgment is reversed, and the cause is dismissed.