## NATHANIEL W. JONES vs. PACIFIC MILLS.

Suffolk.     November 22, 1899. — June 20, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Fall from Spliced Ladder — Negligence — Knowledge and Appreciation of Risk — Questions for Jury.*

Upon the evidence in this case, which was an action for personal injuries occasioned to the plaintiff while in the defendant's employ by a fall from a spliced ladder, caused by its breaking while he was standing thereon, the questions whether the accident was attributable to the use of the ladder as it was intended to be used, whether the defendant was negligent, and whether the plaintiff knew and appreciated the risk arising from the manner in which the ladder had been spliced, were questions of fact for the jury.

TORT, for personal injuries occasioned to the plaintiff, who was fifty-eight years of age, on March 8, 1897, while in the defendant's employ. The declaration was at common law. The plaintiff was employed to run a freight elevator in the "weaving mill" of the defendant, and as a part of his regular work was required to oil once a week the pulleys and the shafting which operated the elevator. As these were attached to the ceiling, about twelve feet above the surface of the third or upper floor of the mill, the plaintiff, to reach them, used a ladder which had been spliced.

At the trial in the Superior Court, before *Sherman*, J., the defendant requested the judge to rule as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon the evidence in this case you will find that the plaintiff, at the time he sustained the injuries alleged, was not in the exercise of due and reasonable care, and is not entitled to recover.

"3. There is no evidence of any negligence on the part of the defendant company, and the plaintiff is not entitled to recover. . . .

"6. If you find that the ladder which broke on the occasion in question was a ladder which had been in use by the plaintiff for the purpose of oiling the pulleys for a period of several

months prior to the accident, and that said ladder during said period of use had been in the same condition that it was in at the time of the accident, you will find that the plaintiff assumed all risk arising from the use of said ladder, and is not entitled to recover in this action.

" 7. There is no evidence in this case that the breaking of the ladder was the direct and proximate cause of the plaintiff's falling and sustaining the injuries claimed, and the plaintiff is not entitled to recover.

" 8. The breaking of the ladder is not, of itself, evidence of negligence on the part of the defendant company, and the plaintiff is not entitled to recover."

The judge declined so to rule, and the defendant excepted.

The judge submitted the case to the jury upon the issue of whether or not the plaintiff knew and appreciated the danger of using this ladder, which appeared to have been made, spliced, and repaired by the defendant, and ruled that, if he did, he could not recover, and the judge gave instructions concerning the due care of, and assumption of risk by, the plaintiff, and negligence of the defendant, and gave other instructions not objected to, and also instructed the jury that if the plaintiff did not use the ladder as he was instructed to use it, and that caused or contributed to the injury, he could not recover.

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, which appear in the opinion.

*R. M. Saltonstall*, (*E. J. Holmes* with him,) for the defendant.
*W. H. Baker*, (*E. Lowe* with him,) for the plaintiff.

HAMMOND, J.   At the argument before us the exception that the evidence showed that the plaintiff was not in the exercise of due care was waived.

1. As to the negligence of the defendant.   Under the instructions the jury must have found upon the evidence that the ladder broke while the plaintiff was using it in the manner in which he was expected to use it, and for the purpose for which it was intended to be used, and that it was defective.

It was incumbent upon the defendant to use reasonable care to provide a safe ladder for the plaintiff, and to keep it safe ; and it is contended by the plaintiff that, in the absence of any satisfactory explanation, the fact that the ladder is not safe for the

use for which it is intended may be of itself some evidence that such care had not been used, and consequently that there was negligence on the part of those answerable for such care. *Graham* v. *Badger*, 164 Mass. 42, and cases cited.

Without, however, passing upon this contention, we are of opinion that there was other evidence bearing upon the question of the defendant's negligence. The broken ladder was shown to the jury at the trial, and they had full opportunity to see exactly the manner in which it had been spliced, and the effect upon its strength. Moreover, the experts for the plaintiff testified that the side of a ladder thus spliced was only one half to three fourths as strong as the side not spliced " when the splice was new, and that it grew weaker by use as time went on." Nor does it appear that any care was taken, after the ladder was spliced, to see what its condition was.

Upon this state of the evidence we cannot say as matter of law that the jury were not warranted in finding that the defendant was negligent.

2. The defendant contends that the plaintiff was a man of mature years and ample experience in using ladders; that he knew this ladder had been spliced, and, since the danger was obvious, he voluntarily assumed the risk of using it in the condition in which it then was.

The plaintiff may fairly be held to have assumed such risks as were obvious, or such as he knew and appreciated.

The plaintiff knew that this ladder had been spliced, and that three bolts from two to three inches apart had been used to fasten the parts together, but the ends of the bolts were covered by nuts so that he could not see how large the bolts were and exactly how much of the wood there was left, although he must have known that there was not so much wood as before.

The experts for the plaintiff testified as hereinbefore stated concerning the strength of the side which was spliced, and one testified that " the spliced side would not be more than one half to three quarters as strong as the other after it had been used six months."

The carpenters and master builders called as experts for the defendant testified that ladders spliced as was this were, in their judgment, as strong as a ladder not spliced.

In this state of the evidence we do not see how it can be held as matter of law that the danger of using this spliced ladder was so obvious that the plaintiff must be held to have assumed the risk, or that he must be held to have known and appreciated the danger arising from using such a ladder.  *Packer* v. *Thomson-Houston Electric Co.* 175 Mass. 496.

We think that upon the evidence the questions whether the accident was attributable to the use of the ladder as it was intended to be used, whether the defendant was negligent, and whether the plaintiff knew and appreciated the risk arising from the manner in which this ladder had been spliced, were questions of fact for the jury.                    *Exceptions overruled.*