RITT *v*. THE TRUE TAG PAINT CO.

*(Jackson.     May  19,   1902.)*

1. APPEAL.   *Essential by party seeking review of Court's action grant-ing a new trial.*

    A party who has taken exception to the Court's action in grant-ing a new trial and setting aside a verdict in his favor, and has preserved his rights by wayside bill of exceptions, cannot be heard in this Court to complain of such action of the lower Court, unless he has perfected appeal on his own behalf after final trial and judgment. The appeal of the opposite party from the final judgment does not bring this matter up. *(Post, p. 648.)*

    Cases cited: Baugh *v*. Railroad, 98 Tenn., 120; Jenkins *v*. Hankins, 98 Tenn., 545.

2. SAME.   *Same.*

    And such party does not perfect his appeal by merely filing a pauper oath reciting that he is about to commence a litigation in this Court by appeal, without securing entry of record showing that his appeal was prayed and granted. *(Post, pp. 648, 649.)*

3. CHARGE OF COURT.   *Correct as to ordinary care or prudence.*

    The Court's charge on the subject of plaintiff's care or prudence in the use of a ladder by which he sustained the injuries sued for is sufficient in these words, to-wit: "If you find from the evidence that any ordinarily prudent, careful man, with the knowledge of the condition of the ladder which the evidence shows [plaintiff] had of it, would have gone upon and used the ladder just as the evidence shows him to have used it, then he cannot be charged with negligence." But the Court states that a better, but equivalent, expression of the rule could have been made in these words, to-wit: "If plaintiff was in the exercise of ordinary prudence and care, such as is usually exercised by ordinarily prudent and careful men similarly situated, then he was not chargeable with negligence." *(Post, pp. 649, 650.)*

Ritt *v.* The True Tag Paint Co.

4. SAME. *Objections to, must be specific.*

Unless objections to the charge of the Court are made specific and definite, this Court will not pass upon them. (*Post, p. 650.*)

5. SAME. *Improper, where there is demurrer to the evidence.*

Where defendant's demurrer to the evidence has been overruled, it is improper, and, as to the plaintiff, erroneous, for the Court to charge the jury as to the fact of defendant's liability for any amount. The measure of defendant's liability is the only matter to be submitted to the jury in such case. (*Post, p. 650.*)

6. DEMURRER TO EVIDENCE. *Properly overruled, when.*

Demurrer to the evidence is properly overruled where the evidence introduced and all legitimate inference drawn therefrom present any ground upon which defendant's liability can be predicated. The Court reviews the facts of this case and holds there is evidence upon which defendant's liability can be predicated, and that the demurrer was properly overruled. (*Post, pp. 650–652.*)

7. MASTER AND SERVANT. *Master's duty as to tools and appliances.*

It is the master's duty to see that the tools and appliances furnished to his servant are safe and in proper condition, and to keep same in proper state of repair. (*Post, pp. 651, 652.*)

Cases cited: Railroad *v.* Kenley, 92 Tenn., 207; Manufacturing Co. *v.* Morris, 105 Tenn., 660.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

T. D. YOUNG for Ritt.

BELL & HORNE for Paint Co.

Ritt *v.* The True Tag Paint Co.

WILKES, J. This is an action for damages for personal injuries. There was a trial before the Judge and a jury in the Court below, and a verdict for $2,000 for plaintiff. Defendant moved for a new trial, assigning, among other grounds, that the verdict was excessive. The trial Judge sustained the motion, stating in a written opinion that the case clearly showed partiality on the part of the jury, for which the Court must grant the new trial. To the action of the trial Judge, the plaintiff excepted, and tendered and had filed a wayside bill of exceptions.

There was a second trial, and upon this trial, after the plaintiff had introduced his evidence, the defendant demurred to it, which demurrer the Court declined to sustain. The case was thereupon, as stated in the bill of exceptions, submitted to the jury upon the question of damages. The jury returned a verdict for $750, and upon this verdict judgment was rendered for said amount. To this defendant excepted, and tendered his bill of exceptions, and prayed and was granted and perfected his appeal.

While plaintiff excepted to the action of the Court in setting aside the first verdict, and tendered and filed his wayside bill of exceptions, we do not find that he ever prayed or was granted an appeal from the final judgment. It is true he filed an affidavit in *forma pauperis* after the final judgment, in which he recites that he is about to commence a litigation

in the Supreme Court by appeal from the Circuit Court of Shelby County, but, as before stated, the record does not show any appeal prayed by or granted to him. However, he filed an assignment of errors. Under this condition of the record only the appeal of the defendant is before us, and that only brings up for review the proceedings on the last trial. In order to have the advantage of any error of the Court in granting a new trial from the first verdict the plaintiff should have appealed when the final judgment was rendered, and his appeal would have then brought up for review the whole case so far as there might be error affecting him, but in order to have this benefit he must have prayed and obtained an appeal. *Baugh* v. *Railroad*, 14 Pickle, 120; *Jenkins* v. *Hankins*, 14 Pickle, 545.

Defendant assigns as error: First, that the Court erred in not sustaining the demurrer to the evidence; second, in its charge to the jury; and, third, in holding that there was evidence to support the verdict of the jury.

The only part of the charge specifically pointed out as objected to is as follows: "On the one hand, if you find from the evidence that any ordinarily prudent, careful man with the knowledge of the condition of the ladder which the evidence shows Mr. Ritt had of it, would have gone upon and used the ladder just as the evidence shows him to have used it, then he cannot be charged with negligence."

The criticism of this part of the charge is that

it, in effect, told the jury if any one ordinarily prudent and careful would have used the ladder, the plaintiff could not have been charged with negligence. It is said that this instruction should have been that if plaintiff was in the exercise of ordinary prudence and care, such as is usually exercised by ordinarily prudent and careful men similarly situated, then he was not chargeable with negligence.

We are of opinion that perhaps the language of the counsel is the better expression, but we think that of the trial Judge is equivalent to it, and there was no request to charge in the language of counsel.

Other general objections to the charge are not passed upon because not definite and specific. It is proper to say that under the aspect of the case presented by the record, this charge was improper, as it went to the liability of the defendant for any amount and the right of plaintiff to recover for any amount, and all of which was precluded. and settled, as a matter of law, by overruling the demurrer to the evidence, but the charge was not a matter of which defendant could complain after his demurrer had been overruled, the only question then open being the amount of damages. The charge was in fact favorable to him in opening up the question of its liability, which was already concluded against it by the action on the demurrer.

It is said that the Court should not have overruled the demurrer to the evidence. This depends upon whether the evidence as introduced, and all legitimate

inferences therefrom, presented any ground upon which liability could be predicated. If so, the action was correct.

Only two witnesses were examined—the plaintiff and a fellow-workman. It appears that the plaintiff was employed by the defendant to do painting. It furnished all the materials, such as paint, etc., and also the ladders and implements · used in painting. Some days previous to the injury which was caused by the breaking of the step in a ladder, the plaintiff called the attention of the superintendent of the company to the defective and unsafe condition of several of the ladders being used, and among others, the one that caused the injury, and was told by the superintendent that they were all right and safe. Being called upon to do some work a few days after, he found the ladder in controversy at the place where the work was to be done, and says that it had been repaired and that it appeared to be safe. He went upon it, and, after being on one of the steps, about six feet from the floor, for some time painting, the step gave way where it had been repaired, and he fell to the floor, breaking his arm and sustaining painful and permanent injury. Under this statement we are of opinion there was liability. It was the duty of the master to see that the tools and appliances furnished by it were safe and in proper condition. *Railroad Co.* v. *Kenley*, 8 Pickle, 207; *Manufacturing Co.* v. *Morris*, 21 Pickle, 660. It was also the duty of the master to have them repaired

properly and made safe when notified of their un-safe or defective condition. Having failed in these respects, there was liability for any injury arising therefrom. The plaintiff cannot be held to have been negligent, since the proof is that the ladder had been repaired, and was apparently safe. As a matter of fact, however, the repairs were not made by the superintendent or under his order, but by a fellow-workman for his own protection, so that there was a failure on the part of the master to make repairs, and yet repairs were actually made which apparently rendered the ladder safe, and this misled plaintiff. The amount of the judgment is not excessive in view of the injury done.

There is no error in the judgment of the Court, and it is affirmed, with costs.