ABELENIA O. McDONALD *vs.* CLARENCE N. LOVELL
& another.

Suffolk.    December 9, 1907. — December 10, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action by a woman of full age employed in a candy factory
against her employer to recover for personal injuries received because of the
fall of a ladder upon which she was standing in the performance of her duties,
it appeared that the plaintiff had been employed by the defendant at the same
work for about two weeks, that the ladder was furnished by the employer to be
used in procuring boxes from high shelves in a store room, was heavy, about
eight feet high and roughly made of unplaned boards, that when in use it rested
upon a smooth floor, that just before the accident the plaintiff herself had placed
it in position in order to get a box from a shelf, had mounted it and was using both
hands to pull out the box when the ladder slipped at the bottom and fell, causing
her injuries. *Held,* that the plaintiff assumed the risk of the injury.

TORT by a woman employed in a candy factory against her
employer to recover for injuries caused by the fall of a ladder
upon which she was standing, alleged to have been caused by
defective construction of the ladder and the floor upon which
it stood. Writ in the Superior Court for the county of Suffolk
dated October 5, 1905.

There was a trial before *Sherman,* J. It appeared that the
plaintiff had been employed by the defendant two or three
weeks when she was injured and that, in the course of her em-
ployment, it was necessary from time to time for her to use a
ladder to get candy boxes from shelves in the store room. A
ladder was furnished by the defendants for her and others to use
for that purpose. It was heavy, about eight feet in length, made
of rough, unplaned boards and was of the same width all the
way up. The side pieces were two and one half inches thick,
the cross pieces two inches thick and nailed on the outside of
the side pieces. The floor upon which it rested was made of
smooth boards. Just before she was injured, the plaintiff her-
self had placed the ladder against the top shelves, had mounted
it, and was using both hands to procure a box tightly packed

among others upon the shelf, when the bottom of the ladder slipped, and it fell with her.

At the close of the evidence for the plaintiff, the presiding judge, at the request of the defendants, directed a verdict in their favor, and the plaintiff excepted.

The case was submitted on briefs.

*T. J. Kenny & J. P. Bell*, for the plaintiff.

*N. Matthews, W. G. Thompson & R. Spring*, for the defendant.

PER CURIAM. The plaintiff was of full age and not lacking in intelligence. The ladder, though rough and homely, was sound, exactly what it appeared to be, and suitable for the purpose for which it was used. The floor was an ordinary wooden floor. If the foot of the ladder was placed too far from the wall it would slip and the plaintiff knew it.

The ladder was there in use when the plaintiff entered the defendant's service. That an employer owes the employee no duty to change such an appliance, and that the employee on entering the service impliedly agrees to assume such risk as there is in the use of it, is too plain for argument or the citation of authorities.

*Exceptions overruled.*