Crew, J.
In support of the claim that the averments of the petition in this case sufficiently allege and show a liability on the part of the traction company to plaintiff for the injuries alleged to have been sustained by him through the negligence of said traction company, reliance is had upon the general rule that where the servant notifies the master of a defect in machinery or in his place of work, and the master promises to repair the same or to obviate and remove the danger, and the servant reasonably relying upon such promise remains in the service, that the master thereby assumes the risk of injury to the servant, and is liable to him in damages for an injury resulting to him from such defect pending the making of the repair promised. While such doubtless is the general rule applied in cases where the servant is engaged in working with machinery or appliances of which he has but a limited and imperfect knowledge, and in cases where some measure of skill and experience is necessary to enable the servant to know and appreciate the particular defect and the danger incident thereto, yet, that this rule was never designed or intended to apply to cases of common and ordinary labor, such as requires in its *215 performance the use only of some simple implement, instrumentality or tool .with which the employe is himself entirely familiar, is, we think, clearly and abundantly established by the overwhelming weight of authorities.
Judge Bailey in his work on Personal Injuries, Volume 2 at Section 3103, in speaking of this rule and its limitations, says: “A master is not liable to a servant of mature years and ordinary mental capacity who is injured in his employ by reason of a defect in a ladder of which he was aware, though the servant had notified the master of such defect, and was told to use the ladder until another was furnished. The rule exempting an employe from an assumption of the risk in case of a promise to remedy the defect is designed for the benefit of employes engaged in work where machinery and materials are used of which they - can have little knowledge, and not for those engaged in ordinary labor which only requires the use of implements with which they are entirely familiar.” In the case of Meador v. The Lake Shore & Michigan Southern Railway Co., 138 Ind., 290, which was an action to recover for a personal injury occasioned by a defective ladder used by a watchman in lighting and extinguishing lamps at street crossings, the court in discussing this rule said: “In cases, however, where persons are employed in the performance of ordinary labor, in which no machinery, is used, and no materials are furnished, the use of which requires the éxercise of great care and skill, it can be scarcely claimed that a defective instrument or tool furnished by the master, of which the employe has full knowledge and *216 comprehension, can be regarded as making out a case of liability within the rule laid down. A common laborer who uses agricultural implements while at work upon a farm or in a garden, or one who is employed in any service not requiring great skill and judgment, and who uses the ordinary tools employed in such work, to which he is accustomed, and in regard to which he has complete knowledge, cannot be said to have a claim against his employer for negligence, if, in using an utensil which he knows to be defective, he is accidentally injured. * * * The fact that he notified the master of the defect, and asked for' another implement, and the master promised to furnish it, in such a case, does not render the master responsible if an accident occurs. A rule imposing a liability under such circumstances would be far reaching in its consequences, and would extend the rule of respondeat superior to many of the vocations in life for which it was never intended. It is a just and salutary rule, designed for the benefit of employes engaged in work where machinery and materials are used of which they can have little knowledge, and not for those engaged in ordinary labor, which only requires the use of implements with which they are entirely familiar. The plaintiff, in the case at bar, was of the latter class of laborers, and the work in which he was engaged was not of a character which would entitle him to the protection of the principle referred to, as applied to the use of complicated machinery.” In Marsh v. Chickering et al., 101 N. Y., 396, in the opinion of the court by Miller, J., it is said: “As a general rule it is to *217 be supposed that the master who employs a servant has a better and more comprehensive knowledge as to the machinery and materials to be used than the employe who has claims upon his protection against the use of defective or improper materials or appliances wblile engaged’in the performance of the service required of him.
“The rule stated, however, is not applicable in all cases, and where the servant has equal knowledge with the master as to the machinery used or the means employed in the performance of the work devolving upon him, and a full knowledge of existing defects, it does not necessarily follow that the master is liable for injuries sustained by reason of the use thereof.
“In considering the application of the rule just stated due regard must be had to the limited knowledge of the emplojre as to the machinery and structure on which he is employed and to his capacity and intelligence, and to the fact that the servant has a right to rely upon the master to protect him from danger and injury, and in selecting the agent from which it may arise. Powers v. N. Y., L. E. & W. R. R. Co., 98 N. Y., 274, 280.
“In cases, however, where persons are employed in the performance of ordinary labor, in which no machinery is used, and no materials furnished, the use of which requires the exercise of great skill and care, it can scarcely be claimed that a defective instrument or tool furnished by the master, of which the employe has full knowledge and comprehension, can be regarded as making out a case of liability within the rule laid down. * * * It does not rest with the servant to say that the *218 master has superior knowledge and has thereby imposed upon him. He fully comprehends that the instrument which he employs is not perfect, and if he is thereby injured it is by reason of his own fault and negligence. The fact that he notified the master of the defect and asked for another instrument, and the master promised to furnish the same, in such a case, does not render the master responsible if an accident occurs.” In Gunning System v. Lapointe, 212 Ill., 274, a comparatively recent case, it is said: “It is not in all cases that the servant may relieve himself from the assumption of the risk incident to defects and dangers of which he has full knowledge by exacting from the master a promise to repair. The cases where the rule of assumed risk is suspended and the servant exempted from its application under a promise-from the master-to repair or cure the defect complained of, are those in which particular skill and experience are necessary to know and appreciate the defect and the danger incident thereto, or where machinery and materials are used of which the servant can have little knowledge, and not those cases where the servant is engaged in ordinary labor, or the tools used are only those of simple construction, with which the servant is as familiar and as fully understands as the master.” In Vanderpool v. Partridge, decided by the Supreme Court of Nebraska, May 24, 1907, and reported in 13 L. R. A. (new series), 668, the first two paragraphs of the syllabus are as follows: “(1) The law requires masters to exercise ordinary care to provide reasonablv safe tools and appliances for their servants. (2) But the *219 foregoing rule has no application where the servant possesses ordinary intelligence and knowledge, and the tools and appliances furnished are of a simple nature, easily understood, and in which defects can be readily observed by such servant.” The rule as announced by the foregoing authorities has found recognition, and has been declared, in many other cases, among which are Bowen v. Chicago & North-Western Railroad Co., 117 Ill. App., 9; Corcoran v. Milwaukee Gas Light Co., 81 Wis., 191; Jenney Electric Light & Power Co. v. Murphy, 115 Ind., 566; Webster Manufacturing Co. v. Nisbett, 205 Ill., 273; Conley v. American Express Co., 87 Me., 352; Railway Co. v. Kelton, 55 Ark., 483; Gowen v. Harley, 56 Fed. Rep., 973: International Packing Co. v. Kretowicz, 119 Ill. App., 488; Erdman v. Illinois Steel Co., 95 Wis., 6; Railway Co. v. Brentford, 79 Tex., 619.
Tested then by this apparently now well settled rule, we are of opinion that the allegations of plaintiff’s petition in the present case do not state a cause of action. In his petition plaintiff avers, “that some days prior to the 23d day of October, 1906, plaintiff discovered that said ladder which defendant had furnished him to be used while performing his duties, as aforesaid, had become old, worn and defective to such an extent that the same was unfit for plaintiff to use in connection with his said work, in that the steps of said ladder were loose and worn and the iron braces holding said steps to the side pieces of said ladder were loose, broken and defective.
“Avers that a few days prior to the 23d day of October, 1906, this plaintiff complained to his said *220 foreman, Mike Gibbons, of the defective and dangerous condition of said ladder, and plaintiff avers that said defendant through its foreman assured and promised plaintiff that he would have said ladder repaired with a new, proper and sufficient one, so that plaintiff could safety perform his work.
“Plaintiff avers that about a week or ten days prior to the 23d day of October, 1906, he further complained to the master mechanic of defendant company, Fred Strail, of the defective and dangerous condition of said ladder, and that said master mechanic then and- there promised and assured plaintiff that he would be furnished with a new, sufficient and proper ladder with which to perform his work as soon as the same could be made, and that he should use said ladder until a new ladder was furnished.” It sufficiently and affirmatively appears from the foregoing allegations, that the unfit and unsafe condition of this step-ladder, on and prior to October 23, 1906, was fully known to and understood by the plaintiff. He knew as he alleges, “that the same ■ was unfit for plaintiff to use in connection with his said work.” He was familiar with and appreciated its condition and defects, all of which were alike open to his observation and within his comprehension, and it would seem from the averments of his petition that he was so. impressed by this defective and unsafe condition that he not only complained of the same to his foreman but to the master mechanic as well. Plaintiff knew as well as the foreman, master mechanic or master, that said step-ladder in its then condition could not be used with any assurance of safety, and having such knowledge *221 he must be held to have assumed the risk of its use. To hold the master liable to an employe, under such circumstances, for injuries resulting to the latter from the use of so simple an implement or tool as an ordinary step-ladder, would be to extend the rule of respondeat superior, beyond its reasonable limit and to apply it as never intended. The case of Manufacturing Co. v. Morrissey, 40 Ohio St., 148, cited by counsel for plaintiff in error as supporting their contention in the present case is not in point, that being a case where the injury to the employe was caused by a complicated machine, and not by a simple instrumentality or appliance such as the step-ladder in the case at bar.

Judgment affirmed.

Price, C. J., Shauck, Summers, -Spear and Davis, JJ., concur.