### IN THE

# SUPREME COURT OF TENNESSEE

#### FOR THE

#### EASTERN DIVISION.

## KNOXVILLE, SEPTEMBER TERM, 1913.

SIVLEY *v.* NIXON MINING DRILL Co.[*]

*(Knoxville,* September Term, 1913.)

1. **MASTER AND SERVANT.** Assumption of risk. Simple tools. Ladder.

An ordinary ladder falls within the class of simple tools for defects in which the employer is held not liable, on the ground that such defect must be obvious to the user, by whom any risk of danger therefrom is assumed; and the equipment of the ladder with metal spikes at the bottom does not take it out of such rule. *(Post, pp.* 677-680.)

Cases cited and approved: Cahill v. Hilton, 106 N. Y., 512; Marsh v. Chickering, 101 N. Y., 396; Blundell v. Elevator Mfg. Co., 189 Mo., 552; Jenney Electric, etc., Railroad Co. v. Murphy, 115 Ind., 566; Meador v. Lake Shore, etc., Railroad Co., 138 Ind., 290; McDonald v. Lovell, 196 Mass., 583; Sheridan v. Gorham Mfg. Co., 28 R. I. 256.

---

[*]This case was decided Nov. 15, 1913, but owing to delay in filing opinion it is not printed in its regular order herein of cases decided at the September term, 1913, at Knoxville for the eastern division.—REPORTER.

(675)

Cases cited and disapproved: Ritt v. Tag Paint Co., 108 Tenn., 646; Jones v. Pacific Mills, 176 Mass., 354.

Case cited and distinguished: Dessecker v. Phoenix Mills Co., 98 Minn., 439.

2. MASTER AND SERVANT: Master's liability: Tools and appliances.

Where plaintiff, engaged in oiling overhead shafts and pulleys, before ascending a ladder, the lower end of which was equipped with metal spikes to prevent sliding, but which had worn blunt and become defective, requested his foreman to have some one hold it, but was told to go ahead and use it, that it had been used for three years and had never fallen, there was no order predicated upon such a condition of the ladder, or upon any inspection, upon which plaintiff could have relied. (*Post,* *pp,* 680, 681.)

Cases cited and approved: Meador v. Lake Shore, etc., R. Co., supra; Marsh v. Chickering, supra; Jenney Electric Light Co. v. Murphy, supra; Brewer v. Tennessee Coal Co., 97 Tenn., 615; Brouseau v. Kellogg, etc., Co., 158 Mich., 312.

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— N. L. BACHMAN, Judge.

H. J. DENTON, for plaintiff.

PRITCHARD, ALLISON & LYNCH, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was brought by Harry Sivley to recover damages for personal injuries, and is based upon alleged negligence of the employer company in furnishing him for use, in reaching to oil the overhead shafts and pulleys in the company's plant, a ladder about eighteen feet in length, the lower end of which ladder was equipped with metal spikes or brads (fixed in the upright posts to prevent the ladder from sliding) which had worn blunt and become defective.

The proof shows that plaintiff was at the time of the accident, caused by the ladder slipping from its footing on an oily floor, between nineteen and twenty years of age, and that he had been engaged in the particular service from six to eight weeks, making use of this ladder to reach the shafting about twice a week. He testifies that he had not been notified as to and did not know the condition of the spikes; that he had had previous experience in factory work, and in the use of ladders, but not around shafts.

The trial judge, on motion of the company, directed a verdict in favor of the company. On appeal the court of civil appeals held this to be error, reversing the cause, and the defendant has brought the case here for review on writ of *certiorari*.

It has been ruled by courts, quite without exception, that an ordinary ladder falls within the class of simple tools in respect of a defect in which the employer is

held not liable, on the ground that a defect in such a simple tool must be obvious to its user, by whom any risk of danger therefrom must be held to be assumed. *Cahill* v. *Hilton,* 106 N. Y., 512, 13 N. E., 399; *Marsh* v. *Chickering,* 101 N. Y., 396, 5 N. E., 56; *Blundell* v. *Elevator Mfg. Co.,* 189 Mo., 552, 88 S. W., 103; *Jenney Electric, etc., Railroad Co.* v. *Murphy,* 115 Ind., 566, 18 N. E., 30; *Meador* v. *Lake Shore, etc., Railroad Co.,* 138 Ind., 290, 37 N. E., 721, 46 Am. St. Rep., 384; *McDonald* v. *Lovell,* 196 Mass., 583, 82 N. E., 955; Labatt, Master and Servant (2d Ed.), sec. 924 (a).

The plaintiff's insistence is, however, that the fact that the ladder in this case had been equipped with metal brads or spikes at the bottom takes it out of the operation of the rule applicable to simple tools.

In *Dessecker* v. *Phoenix Mills Co.,* 98 Minn., 439, 108 N. W., 516, the facts were that a ladder had been equipped with iron brads at the bottom, one of which had in some way become detached; and when the ladder was placed by an employee on an oily floor it slipped, causing plaintiff to fall. The court said: "A ladder of the character of this one is not a complicated instrumentality, nor were there any latent defects in the construction of the one in question. It is a simple appliance, to which the rule requiring the master to inspect for the purposes of discovering possible defects caused by its use does not ordinarily apply. . . . The least effort on his [employee's] part would have disclosed the defect and we conclude that, on the evi-

dence presented, the question whether defendant was chargeable with negligence was one of law for the trial court, and that it properly resolved it in favor of defendant.''

Another phase (and the one here appearing) was presented in *Sheridan* v. *Gorham Mfg. Co.*, 28 R. I., 256, 66 Atl., 576, 13 L. R. A. (N. S.), 687. A ladder was equipped with brads at its lower end, which brads had become dull and smooth, so that the ladder, when in use, was likely to slip on the floor. While plaintiff was standing on one of its rounds, the ladder slipped, and caused plaintiff to fall to the floor. It was held that the employee was chargeable, equally with the employer, with knowledge of the obvious imperfection of the ladder.

The court of civil appeals held that ''the record tends to show that this was not an ordinary ladder. The spikes were located in the bottom of the upright pieces, and were not so obvious and patent as to be discernible by a casual observation''—and therefore refused to class the ladder as a simple tool. This ruling was in opposition to the authorities in point, and erroneous.

It is difficult to see how the brads or spikes had the effect to remove what would otherwise be a simple tool into a class with more complicated instrumentalities, and equally as difficult to distinguish between the dulling or rounding of the points of the metal brads, and a wearing,  due to use, of the lower ends of wooden upright pieces of a ladder not equipped with brads. *Jenney Electric Light Co.* v. *Murphy*, supra.

The placing of the brads tended to render safer the simple instrumentality, and to hold that that act changed the rule otherwise applicable would be to discourage employers in making such provisions.

The plaintiff relies on the case of *Ritt* v. *Tag Paint Company*, 108 Tenn., 646, 652, 69 S. W., 324, 325, which dealt with a defective ladder; but the case is not in point. There it was ruled: "The plaintiff cannot be held to have been negligent, since the proof is that the ladder had been repaired, and was apparently safe." The repairs "apparently rendered the ladder safe, and this misled plaintiff," who, while on the ladder, was caused to fall by the breaking of a step or round where it had been repaired. The *Ritt Case*, when the real point in decision is regarded, is sound and in harmony with *Jones* v. *Pacific Mills*, 176 Mass., 354, 57 N. E., 663, and neither is in conflict with the Massachusetts case of *McDonald* v. *Lovell*, supra, or with what is here ruled.

It appeared in plaintiff's proof that, before he ascended the ladder, plaintiff requested his foreman to have some one hold the ladder while he went up, but was told by the foreman to go ahead and use the ladder; that it had been in use for three years and had never fallen with anyone. In several of the cases cited above the rule is further declared to be, in respect of simple tools, that, since it does not rest with the employee to say that his employer has superior knowledge, the fact that the former notified the employer of its defective condition and made use of the ladder

under order of the employer does not make a case of liability. *Meador* v. *Lake Shore, etc., R. Co.*, supra, citing *Marsh* v. *Chickering*, supra, and *Jenney Electric Light Co.* v. *Murphy*. And see *Brewer* v. *Tennessee Coal Co.*, 97 Tenn., 615, 37 S. W., 549; *Brouseau* v. *Kellogg, etc., Co.*, 158 Mich., 312, 122 N. W., 620, 27 L. R. A. (N. S.), 1052, and note.

It is not necessary for us to determine that point, since it does not appear that plaintiff, Sivley, complained or gave notice of any defect. In fact, his testimony was to the effect that he was not aware of the existence of any defect; nor, on the proof, was there any order of the superior of plaintiff, given to plaintiff, which was predicated upon such a condition of the instrumentality, or upon any inspection, given in response to the plaintiff's request, or otherwise, at the time, upon which the plaintiff could have relied.

The court of civil appeals erred in reversing the circuit court in respect of peremptory instructions. Reversed, with judgment here in accord.