*J. A. McGeough, pro se.*

---

LOUIS LEVESQUE *vs.* CHARLTON MILLS.

Bristol.   October 26, 1915. — December 3, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.

In an action for personal injuries sustained (before the material part of the workmen's compensation act took effect), when the plaintiff was employed as a night fireman in the defendant's cotton mill, by reason of the breaking of the second round of a ladder when the plaintiff in the course of his employment was descending it in the dark, where there is evidence that the ladder was defective and out of repair and that this fact had been reported to the defendant's superintendent who had promised to procure a new ladder, that the defect was concealed or hidden and that the plaintiff used the ladder in ignorance of its condition, the questions of the plaintiff's due care and of the defendant's negligence are for the jury.

TORT for personal injuries sustained by the plaintiff on May 29, 1912,[*] when he was employed as a night fireman in the defendant's cotton mill at Fall River. Writ dated November 18, 1912.

The declaration is described in the opinion.

In the Superior Court the case was tried before *Hall,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to make the following rulings:

"1. Upon the whole evidence the plaintiff is not entitled to

---

[*] St. 1911, c. 751, Part I, § 1, and all the rest of that statute, except the sections of Part III relating to the Industrial Accident Board and Part IV relating to the Massachusetts Employees Insurance Association, went into effect on July 1, 1912.

recover upon" [each of the counts of the declaration named successively].

"3. If the plaintiff knew, or in the exercise of due care ought to have known, what the condition of the ladder was and used it without objection, he assumed the risk and cannot recover."

"5. A ladder is an implement of simple structure presenting no complication of power, motion or construction, and if the plaintiff daily or frequently used the same he was equally chargeable with the defendant with knowledge of the ladder's imperfection."

"7. If the ladder was made by a fellow fireman for the convenience of himself and others in the fire room and it was daily or frequently for weeks used by the plaintiff, the defendant was under no duty to the plaintiff in the absence of complaint to inspect the ladder to ascertain if it had become out of repair.

"8. It was equally the duty of the plaintiff as of the defendant to inspect the ladder."

The judge refused to make any of these rulings except so far as the third ruling requested was embodied in his charge, and this ruling is held to have been given in substance. He made the following rulings requested by the defendant:

"If the defendant at the time of the accident furnished a suitable ladder which the plaintiff could use, and the plaintiff voluntarily used a ladder which he knew, or in the exercise of due care ought to have known, was unsuitable, the defendant is not liable.

"If the jury find that the injury was caused by the breaking of a round or cross-piece of the ladder and that there was nothing up to that time to indicate that the round or cross-piece was defective, the defendant was not negligent and the plaintiff cannot recover."

The jury returned a verdict for the plaintiff in the sum of $3,500; and the defendant alleged exceptions.

*A. J. Jennings,* for the defendant.

*J. W. Nugent,* (*C. R. Cummings* with him,) for the plaintiff.

CARROLL, J. The plaintiff, while in the employ of the defendant as a night fireman, in 1912, was injured by the breaking of a ladder which he was using in the course of his employment. The ladder was made by an employee of the defendant, before the plaintiff entered its employ, and was constantly in use.

The plaintiff went to the top of one of the furnaces "to fix a lamp and to fix the gauges on the water column," and in descending stepped on the second cross-piece or round from the top of the ladder which gave way; he was thrown down and injured. The plaintiff testified that he had no knowledge of any defect in the ladder on the night he was using it, and that it was then dark. There was evidence showing the ladder to be defective and out of repair, and that this fact had been reported to the superintendent, who had promised to secure a new ladder. The jury might have found that it was the duty of the defendant to see to the safety of the ladders and that no inspection was made of them.

The declaration is in three counts: one at common law for defective appliances, one under the statute for negligence of a superintendent, and one for a defect in the ways, works or machinery. There was evidence that the ladder had been adopted by the defendant as an instrument of service, to be used by the firemen while performing their labors, and this use had been acquiesced in by the superintendent. This circumstance, coupled with the facts that the ladder was defective, that the defect was concealed or hidden and that the plaintiff used the ladder in ignorance of its condition, was some evidence for the jury of the defendant's negligence under both the common law and statutory counts. There was evidence also of the negligence of the superintendent. He knew of the condition of the ladder, and it could be found that he made no attempt to remedy it.

The third request of the plaintiff was given in substance. The judge instructed the jury that, if there was any obvious defect in the ladder, the plaintiff could not recover, and so too, if he used a ladder which he knew, or in the exercise of due care should have known, to be unsuitable.

The fifth request was properly refused. There was evidence that the plaintiff did not know of any defect in the ladder, and it cannot be said as matter of law that he was chargeable with knowledge of its condition.

The seventh request could not have been given. The ladder was in use when the plaintiff became an employee of the defendant, complaints had been made about it, and there was evidence that it was the duty of the engineer May, if there was anything wrong with the ladder, to remedy it. *Carroll* v. *Metropolitan Coal Co.*

189 Mass. 159. *Jones* v. *Pacific Mills*, 176 Mass. 354. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131. See also St. 1909, c. 363.

There was no error in declining to give the eighth request. As was said in *Carroll* v. *Metropolitan Coal Co.*, *supra*, at page 161: "It was the duty of the defendant to use due care to see that the ladder was in a safe condition; and, while the plaintiff was not thereby relieved from taking proper care himself, still, in passing upon the degree of care required of him, it must be borne in mind that he had the right to assume that the duty had been performed."

*Exceptions overruled.*