JOHN GARRAGAN *vs.* FALL RIVER IRON WORKS COMPANY.

Bristol.    March 7, 1893. — April 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Master and Servant.*

A purchaser of cotton in bales is not bound to have the bagging inspected with a view to ascertaining whether it is strong enough to hold when the hooks are caught into the bagging for the purpose of aiding in moving the bales.

TORT, for personal injuries received by the plaintiff, a servant in the defendant's employ, caused by a fall received while moving a bale of cotton by means of an iron cotton hook. At the trial in the Superior Court, before *Maynard*, J., there was evidence tending to show that, while the plaintiff was attempting to pull the bale upon a wagon by means of a cotton hook which he had inserted in the cotton bagging covering the bale, the bagging gave way, causing the plaintiff to be thrown to the ground and injuring him; that the edge of the bagging which adhered to the hook at the time of the accident was rotten; that cotton frequently came with rotten bagging around it; that this fact could be ascertained by examination; and that this particular bale had arrived for the defendant three or four days before the accident. The plaintiff requested the judge to give the jury the following instructions:

1. " If you find that at the time of the accident the plaintiff, Garragan, was handling the cotton hook and bale in the usual and proper manner, and was using due care, that the bagging of the bale where he took hold was decayed or rotten, and that cotton bagging often comes in that condition, and that such defect might have been discovered by the defendant on proper examination, then the plaintiff can recover.

2. " It was the duty of the defendant to use reasonable care in supplying the plaintiff with safe and suitable materials upon which to work, and if you find upon the evidence in this case that the bagging on the bale which the plaintiff was handling was defective and rotten, and that the defendant could have

discovered this defect by the use of reasonable care in inspecting the bale, then you may find that the defendant failed to perform its duty to the plaintiff in this respect.

3. " As bearing upon the question whether the plaintiff was in the use of due care, it was not his duty to make an examination of the bagging for the purpose of ascertaining whether it would tear or give way when he inserted the hook, but he had a right to assume that the defendant had used reasonable care in providing him with a safe and suitable material to work with."

The judge declined to give the above instructions.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. W. Cummings*, (*E. A. McLaughlin* with him,) for the plaintiff.

*J. F. Jackson*, for the defendant, was not called upon.

ALLEN, J.   The plaintiff's ground of complaint is that the bagging gave way while he was attempting to move the bale of cotton, so that he fell and was hurt.   In order to hold the defendant responsible for this accident, the plaintiff must show that it was the defendant's duty to provide for an inspection of the bagging upon the bales of cotton which it bought, in order to ascertain its strength and make the handling of the cotton safer.   No evidence was introduced to show any custom or agreement to make such inspection, and no such duty was cast upon the defendant by law.   A purchaser of cotton in bales is not bound to have the bagging inspected, with a view to ascertain if it is strong enough to hold if iron hooks are caught into the bagging for the purpose of aiding in moving the bales.   The performance of such a duty would be impracticable, and no case is cited which holds that such duty exists.   It is unnecessary to consider the defendant's other exceptions.

*Exceptions overruled.*