Meador v. The Lake Shore and Michigan Southern Railway Co.

No. 16,777.

MEADOR v. THE LAKE SHORE AND MICHIGAN SOUTH-
ERN RAILWAY COMPANY.

ASSIGNMENT OF ERROR.—*Negligence.*—*Instruction to Find for Party.*—
*Practice.*—Where, in an action for negligence, the trial court in-
structs the jury to find a verdict for the defendant, an assignment
of error, on appeal, that "the court erred in taking the case from
the jury," is not a proper one, and presents no question.

MASTER AND SERVANT.—*Negligence.*—*Defective Ladder.*—*Injury to Serv-
ant.*—*Liability of Master.*—Where an employe, whose duties require
him to use a ladder, discovers that the ladder is defective and dan-
gerous, and notifies the master, who promises to furnish another,
but before doing so the employe, in using the defective ladder, is
injured, the master is not liable, although the service in which the
ladder was used was of a kind which could not be postponed.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*F. E. Baker* and *C. W. Miller,* for appellee.

DAILEY, J.—This was an action by the appellant
against the appellee for damages for personal injuries,
stated in a complaint in one paragraph.

The allegations therein summarized are as follows:
The appellant was an employe of the defendant, and a
part of his duty was to light and extinguish lamps at a
street crossing, the lamps being put on top of a post
eight or eight and one-half feet high, requiring a ladder
to be used by appellant to perform that duty; that appel-
lee furnished the ladder; that it got out of repair; that
Christian Jacobson was the agent of appellee, who was
entrusted with the duty of furnishing for appellee all
ladders and other appliances, which were made in appel-
lee's carpenter shop at Elkhart station; that appellant
notified said Jacobson that said ladder was becoming
weakened and out of repair, and was not suitable for the

use which appellant was required to make of it; that said Jacobson told the appellant the ladder would be safe until he, Jacobson, could furnish a new one, and he would furnish a new one very soon; that appellant's other duties were performed without the use of the ladder, and were at a different place; that appellant relied upon the statement of Jacobson that said new ladder would be furnished at the place the ladder was to be used; that when he went to use the ladder he found that no new ladder had been furnished according to promise; that the service in which the ladder was used was of a kind which could not be postponed; that he carefully examined the old ladder and could not see any new evidence of its giving away, and in the belief that said Jacobson knew whether it was safe to use, when he told appellant to continue to use it until a new one was furnished, and relying upon said Jacobson's directions and knowledge, he carefully, and without any negligence, used the ladder again, upon which use it gave away and threw him upon the ground and injured him; that he would not have used said ladder but for the directions of said Jacobson and his promise to supply a new one; that the defective condition of said ladder was wholly because of the negligence of the appellee, and not contributed to by the appellant.

The appellee demurred to the complaint and the demurrer was overruled. The case was then put at issue by a general denial.

At the trial the court instructed the jury as follows: "Gentlemen of the jury, the court instructs you to find a verdict for the defendant. J. M. Van Fleet, Judge."

To the giving of this instruction the appellant, at the time, excepted. The jury obeyed the instruction, and returned their verdict for the defendant. Final judgment was rendered upon the verdict. Appellant filed a mo-

tion for a new trial, which was overruled and exceptions taken.

The appellant assigns two errors as follows:

1st. The court erred in overruling appellant's motion for a new trial.

2d. The court erred in taking the case from the jury.

The second specification is not a proper assignment of error and presents no question for our consideration. The real question to be considered is: Did the court err in overruling appellant's motion for a new trial?

It appears that the appellant was a man of mature years, and of average mental and physical capacity. It was his duty, under his employment, to light and extinguish lamps placed on posts, the distance from the ground to the burner being from eight to eight and one-half feet. In doing this he used a ladder, furnished for the purpose, about five feet long, containing five steps including the top piece, four steps being nailed between and to the sides, and the last step on top of the uprights or side pieces. By setting the ladder against the post appellant would climb only upon the third step to bring his head even with or above the lamp. The defects alleged to have existed in the ladder, at and before the accident and injury complained of, consisted in the steps not being nailed in tight enough at the sides. On the morning when the injury occurred, if the nails were partially withdrawn from the boards, that was open to observation and could have been readily seen. Such must have been the condition of the ladder at the time, for it "fell apart." If a hammer or hatchet was not convenient, a stone or a brick would have remedied the defect. No contrivance could be simpler in its construction than this five-foot ladder,—not even a hoe, an ax, or a spade. Appellant had at least equal knowledge

with the company, as to the nature and condition of the ladder.

The right of the plaintiff to maintain this action is founded upon the negligence of the defendant in not furnishing a proper ladder for the use of the plaintiff in the work he was engaged to perform. It rests upon the principle that it is the duty of the master to the servant, and the implied contract between them, that the master shall furnish sufficient, properly constructed, and safe machinery, or other materials and appliances to be used in the course of his employment and necessary for the service. As a general rule, it may be assumed that the master, who employs a servant, has a better and more comprehensive knowledge of the machinery and materials to be used than the employe, who has claims for his protection against the use of defective, inadequate or improper machinery, materials, or appliances, while engaged in the performance of the service required of him. The rule stated, however, is not applicable in all cases; where the servant has equal knowledge with the master as to the machinery used or the means employed in the performance of the work he is required to perform, and a full knowledge of existing defects, it does not necessarily follow that the master is liable for injuries sustained by reason of the use thereof.

In considering the application of this rule, due regard must be had to the limited knowledge of the employe, to the machinery and structure on which it is employed, also to his capacity and intelligence, and to the fact that the servant has a right to rely upon the master to protect him from danger and injury, and in selecting the agent from which it may arise.

In cases in which persons are engaged in a dangerous service, it has been many times held that, if the machinery was defective and the plaintiff had knowledge of it,

and made objection thereto, and was induced to remain in the defendant's employment by promise or assurance of its repair, and not having waived the objection, was injured by reason of such defect, and he did not contribute to the injury by his own fault or negligence, he will be entitled to recover; but, in such case, greater care will be required of him than if he had not known of the defect.

In cases, however, where persons are employed in the performance of ordinary labor, in which no machinery is used, and no materials are furnished, the use of which requires the exercise of great care and skill, it can be scarcely claimed that a defective instrument or tool furnished by the master, of which the employe has full knowledge and comprehension, can be regarded as making out a case of liability within the rule laid down. A common laborer who uses agricultural implements while at work upon a farm or in a garden, or one who is employed in any service not requiring great skill and judgment, and who uses the ordinary tools employed in such work, to which he is accustomed, and in regard to which he has complete knowledge, can not be said to have a claim against his employer for negligence, if, in using an utensil which he knows to be defective, he is accidentally injured.

In such case it does not rest with the servant to say that the master has superior knowledge, and has thereby imposed upon him. He fully understood that the spade, the ax, the hoe, or the ladder, the instrument which he used, was not perfect, and if he was thereby injured it was by reason of his own fault and negligence. The fact that he notified the master of the defect, and asked for another implement, and the master promised to furnish it, in such a case, does not render the master responsible if an accident occurs. A rule imposing a

liability under such circumstances would be far reaching in its consequences, and would extend the rule of *respondeat superior* to many of the vocations in life for which it was never intended. It is a just and salutary rule, designed for the benefit of employes engaged in work where machinery and materials are used of which they can have little knowledge, and not for those engaged in ordinary labor, which only requires the use of implements with which they are entirely familiar. The plaintiff, in the case at bar, was of the latter class of laborers, and the work in which he was engaged was not of a character which would entitle him to the protection of the principle referred to, as applied to the use of complicated machinery. *Marsh* v. *Chickering*, 101 N. Y. 396. Of this case it is said, in citing and approving it, in *Jenney Electric Light and Power Co.* v. *Murphy*, 115 Ind. 566 (570): "In *Marsh* v. *Chickering, supra*, which grew out of a claim for damages resulting from the slipping of a ladder, a judgment of the lower court for the plaintiff was reversed, notwithstanding it appeared that the plaintiff had notified the employer of the defective condition of the ladder, and the latter had promised to have it repaired. The case is not distinguishable in principle from the one now under review." The case of *Corcoran* v. *Milwaukee Gas Light Co.*, 51 N. W. Rep. 328, is quite similar in its facts. In it the plaintiff notified the defendant that the ladder was not safe and secure, the defendant promised to provide a safe ladder, the plaintiff relied on such promise, the defendant failed to furnish a safe ladder, and ordered the plaintiff to use the old one on the occasion of his injury. It was to be used upon an oily floor, and was unsuitable and unsafe for the purpose by reason of not having spikes at the bottom. The court said: "The natural, if not the inevitable, result of such an attempt, under such circumstances, is

too obvious not to be anticipated by the exercise of ordinary care on the part of a man of plaintiff's admitted experience. It is unlike the exposure to some concealed or unforeseen danger, or to a defect or danger which the injured party could not be required or expected to remedy." Undoubtedly the result of climbing a five foot step ladder, with the cleats gone from under the steps, which they supported, and the nails loose in the side pieces, is just as obvious as going upon a ladder with no spikes in the bottom, placed upon an oily floor. The court further said: "Besides, as indicated in *Marsh* v. *Chickering, supra,* the rule (that the plaintiff might rely on the promise of the defendant to furnish a new ladder), is hardly applicable to a case like the one at bar." In both the cases from which we have quoted, the employe was ordered by his foreman to use the defective ladder on the occasion of the injury; while in this case, on the occasion of the accident, appellant was left to decide the time and manner in which he would use the ladder or whether he would use it at all. The conclusion we have reached renders it unnecessary that we should consider the questions raised by the appellant concerning the rejection of certain offered testimony tending to show notice to the company of the defective condition of the ladder; that a notice was posted upon the door of the carpenter shop at Elkhart, instructing persons to whom they should go for new work and repairs; also, that a new ladder was made by Jacobson and brought to the place of the accident on the same day after the injury. We are of the opinion that there is no available error in the record.

The judgment is, therefore, affirmed.

Filed June 6, 1894.