205    273
e111a²644
205    273
212    ²279

</div>

THE WEBSTER MANUFACTURING COMPANY

*v.*

ADAM NISBETT.

*Opinion filed October 26, 1903—Rehearing denied December 9, 1903.*

1. MASTER AND SERVANT—*experienced servant assumes ordinary
risks.* A servant who has had long experience in the use of ham-
mers in the business of a blacksmith assumes the ordinary risks
incident to the handling of such hammers.

2. SAME—*when rule concerning promise to repair does not apply.* The
rule exempting a servant from liability of assuming the risk of a
defect which the master has promised to repair does not apply to
the use of common implements with which the servant is familiar.

3. SAME—*effect of promise to repair a hand-hammer.* A foreman's
promise to repair a "back-hammer," used in the business of a black-
smith, does not exempt an experienced servant from assuming the
ordinary risks of its use in its defective condition.

BOGGS, J., dissenting.

*Webster Manf. Co. v. Nisbett,* 105 Ill. App. 261, reversed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. JONAS HUTCHINSON,
Judge, presiding.

O. W. DYNES, for appellant:

An employer is not the guarantor of the safety of his
employee. 1 Bailey on Personal Injuries, secs. 101, 171;
*Consolidated Coal Co. v. Bokamp,* 181 Ill. 9; *Painton v. Rail-
road Co.* 83 N. Y. 7; *Lumber Co. v. Ligas,* 172 Ill. 316.

Where the danger arises from the character of the
work itself, and not from the negligence of the employer,

205—18

the servant injured by such danger has no right of action. *Richardson* v. *Provision Co.* 72 Ill. App. 77; *Clark* v. *Liston,* 54 id. 578; *Armour* v. *Hahn,* 111 U. S. 313; Bailey on Personal Injuries, secs. 3024, 3025.

A promise to repair does not apply to a small tool like the hammer in question, in such way as to furnish an exception to the doctrine of assumed risk. Bailey on Personal Injuries, sec. 3103; *Meador* v. *Railroad Co.* 138 Ind. 290; *Gowan* v. *Harley,* 56 Fed. Rep. 973; *Power Co.* v. *Murphy,* 115 Ind. 570; *Illinois Steel Co.* v. *Mann,* 170 Ill. 200; *Marsh* v. *Chickering,* 101 N. Y. 396.

FRANCIS T. MURPHY, (EDWARD C. HIGGINS, of counsel,) for appellee:

It is the duty of the master to furnish reasonably safe and suitable tools and place for the servant to work, and to use reasonable care in keeping them in a reasonably safe and suitable condition. *Furnace Co.* v. *Abend,* 107 Ill. 44; *Hess* v. *Rosenthal,* 160 id. 162; *Pullman Car Co.* v. *Laack,* 143 id. 242; *Railway Co.* v. *Sweet,* 45 id. 197; *Railway Co.* v. *Jackson,* 55 id. 492; *Pennsylvania Co.* v. *Lynch,* 90 id. 333; *Railway Co.* v. *Godfrey,* 155 id. 78.

When the master orders a servant into a dangerous place he is liable for consequent injuries to the servant, unless the servant acted recklessly in obeying the master. *Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 448; *Brick Co.* v. *Sobkowiak,* 148 id. 573; *Railroad Co.* v. *House,* 172 id. 601; *Morris* v. *Pfeffer,* 77 Ill. App. 517; *Offutt* v. *Columbian Exposition,* 175 Ill. 472.

Whether the servant acted recklessly in obeying the order of the master is a question of fact for the jury. *Boyle* v. *Degnan, etc. Co.* 61 N. Y. Sup. 1043; *Lund* v. *Woodworth,* 78 N. W. Rep. 81; *Watson Cut Stone Co.* v. *Small,* 181 Ill. 366; *Bridge Co.* v. *Walker,* 170 id. 550.

Knowledge of attending danger, under such circumstances, on the part of the servant, will not defeat his right of action. *Illinois Steel Co.* v. *Schymanowski,* 162 Ill,

448; *Ross* v. *Shanley*, 185 id. 390; *Dallemand* v. *Saalfeldt*, 175 id. 311; *Brick Co.* v. *Sobkowiak*, 148 id. 573; *Offutt* v. *Columbian Exposition*, 175 id. 472; *Swift & Co.* v. *O'Neill*, 187 id. 337.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment in the superior court of Cook county, against appellant, for $6000, in an action for a personal injury alleged to have been sustained by him, while in the employ of appellant, on September 23, 1897, which judgment has been affirmed by the Appellate Court for the First District. Appellant prosecutes a further appeal to this court to reverse the judgment below.

The declaration consists of five counts, in one or more of which it is alleged defendant negligently furnished and supplied plaintiff with an "old, insufficient, unsafe and dangerous tool with which to work; that defendant was notified of the condition of said tool, and thereupon promised to repair the same and induced the plaintiff to continue its use."

The evidence shows that the appellee, at the time in question, was at work as a blacksmith in the shop of appellant, working with a helper by the name of Neunschwander, who was using what is known as a "backing hammer," the face of which had become somewhat chipped and out of repair. It further tends to prove that a few days before the accident the tool was shown to appellant's foreman by appellee and complaint made as to its condition, and the foreman promised to have it fixed; that on the day of the accident appellee again took it to the same foreman and asked him for the privilege of fixing it, complaining of its condition, to which the foreman replied: "Well, go ahead and use it now and I will fix it or get some one to fix it; don't stop that job; I am in a hurry." Afterwards, while appellee and the helper were engaged upon the work, a small particle of steel flew from one of the hammers as the helper struck a blow, hitting appellee in one eye and destroying the sight.

The jury specifically found that the chip or particle flew from the said backing hammer.

At the close of plaintiff's evidence, and again at the close of all the evidence, the defendant requested the court to peremptorily instruct the jury to render a verdict of not guilty, but both instructions were refused, the refusal of which is assigned for error as a question of law.

From a careful reading and consideration of the evidence we find the only counts relied upon by plaintiff for a recovery were those alleging that the defendant negligently furnished the helper with an old, insufficient and dangerous backing hammer with which to perform his duties, of which condition the defendant was notified, and promised to repair the same or provide a suitable one in its place, and so induced the plaintiff to continue in the performance of the work.

It is first contended that the hammer, at the time of the accident, was, by reason of its condition, no more dangerous than it would have been had it been re-dressed and repaired, as requested by the plaintiff. There is evidence tending to show that a hammer in a worn and defective condition is somewhat more liable to chip off than one which is new or one newly repaired. On that proposition it cannot be said, as a matter of law, that there was no evidence tending to prove that a hammer in the condition described was more dangerous than one in good repair.

Plaintiff was shown to have had a long experience in the handling of hammers of this character in his business as a blacksmith, and must be held to have assumed the ordinary risks incident to the use of the one in question. The theory and contention of his counsel are, that he did not assume any risk arising from the defect complained of, for the reason that the appellant, by its foreman, promised to repair the hammer or provide a new one for his use. On the other hand, it is contended by counsel for appellant that a promise to repair which will

excuse the person injured from assuming the risk incident to his employment, does not apply to a simple implement or instrument such as the hammer in question. We think the latter contention is founded upon good reason and authority. The general rule is, that when the master, on being notified by the servant of defects which render the service he is engaged to perform more hazardous, expressly promises to make the needed repairs, the servant may continue in the employment a reasonable time to permit the performance of the promise without being guilty of negligence, and if any injury results therefrom he may recover, unless he should continue in the employment when the danger is so imminent that no prudent man would undertake to perform the service. The promise of the master in such case relieves the servant from the charge of negligence by continuing in the service. This doctrine we have often recognized. (*Missouri Furnace Co.* v. *Abend,* 107 Ill. 44; *Donley* v. *Dougherty,* 174 id. 582, and cases cited.) But the rule which exempts an employee from assuming the risk where a promise to repair is made is designed for the benefit of those engaged in work where machinery and materials are used of which the employee has little knowledge, but it does not apply to ordinary labor, which only requires the use of implements with which the employee is entirely familiar. (Bailey on Personal Injuries, sec. 3103.)

In *Meade* v. *Lake Shore and Michigan Southern Railway Co.* 138 Ind. 290, (37 N. E. Rep. 721,) in an action for a personal injury occasioned by a defective ladder used by a watchman in lighting and extinguishing lamps at street crossings, the court said: "The fact that he notified the master of the defect and asked for another implement, and the master promised to furnish it, in such a case does not render the master responsible if an accident occurs. A rule imposing liability under such circumstances would be far-reaching in its consequences, and would extend the rule of *respondeat superior* to many of the vocations

in life for which it was never intended. It is a just and salutary rule, designed for the benefit of employees engaged in work where machinery and materials are used of which they have little knowledge, and not for those engaged in ordinary labor, which only requires the use of implements with which they are entirely familiar. The plaintiff in the case at bar was of the latter class of laborers, and the work in which he was engaged was not of a character which would entitle him to the protection of the principle referred to, as applied to the use of complicated machinery. * * * No contrivance could be simpler in its construction than this five-foot ladder— not even a hoe, an ax or a spade. Appellant had at least equal knowledge with the company as to the nature and condition of the ladder."

In *Gowan* v. *Harley*, 56 Fed. Rep. 973, in an opinion by the Circuit Court of Appeals for the eighth circuit, the principle above announced is recognized.

In *Marsh* v. *Chickering*, 101 N. Y. 396, (5 N. E. Rep. 56,) the defendant furnished a ladder for the plaintiff to use while in his employ in lighting gas lamps, the ladder being defective in that it needed spikes on the bottom to prevent it slipping. In that case, also, a promise to repair had been made. The court, in its opinion, said: "As a general rule, it is to be supposed that the master who employs a servant has a better and more comprehensive knowledge as to the machinery and materials to be used than the employee, who has claims upon his protection against the use of defective or improper materials or appliances while engaged in the performance of the service required of him. The rule stated, however, is not applicable in all cases, and where the servant has equal knowledge with the master as to the machinery used or the means employed in the performance of the work devolving upon him, and a full knowledge of existing defects, it does not necessarily follow that the master is liable for injuries sustained by reason of the

use thereof.  In considering the application of the rule just stated, due regard must be had to the limited knowledge of the employee as to the machinery and structure on which he is employed and to his capacity and intelligence, and to the fact that the servant has a right to rely upon the master to protect him from danger and injury and in selecting the agent from which it may arise. (*Powers* v. *New York, Lake Erie and Western Railroad Co.* 98 N. Y. 280.)  In cases, however, where persons are employed in the performance of ordinary labor, in which no machinery is used and no materials furnished the use of which requires the exercise of great skill and care, it can scarcely be claimed that a defective instrument or tool furnished by the master, of which the employee has full knowledge and comprehension, can be regarded as making out a case of liability within the rule laid down. A common laborer who uses agricultural implements while at work upon a farm or in a garden, or one who is employed in any service not requiring great skill and judgment and who uses the ordinary tools employed in such work, to which he is accustomed and in regard to which he has perfect knowledge, can hardly be said to have a claim against his employer for negligence, if, in using a utensil which he knows to be defective, he is accidentally injured.  It does not rest with the servant to say that the master has superior knowledge and has thereby imposed upon him.  He fully comprehended that the spade, or the hoe, or the ladder, or the instrument which he employed, was not perfect, and if he was thereby injured it was by reason of his own fault and negligence.  The fact that he notified the master of the defect and asked for another instrument, and the master promised to furnish the same, in such a case does not render the master responsible if an accident occurs.  * * *  A rule imposing such a liability would be far-reaching, and would extend the principle stated to many of the vocations of life for which it was never intended.  It is one

of a just and salutary character, designed for the benefit
of employees engaged in work where machinery and ma-
terials are used of which they can have but little knowl-
edge, and not for those engaged in ordinary labor, which
only requires the use of implements with which they are
entirely familiar."

For a further recognition of this rule see *Cochran* v.
*Gas Light Co.* 51 N. W. Rep. 329, *Power Co.* v. *Murphy*, 115
Ind. 570, and *Illinois Steel Co.* v. *Mann*, 170 Ill. 200. In the
latter case, speaking of the general rule, we said (p. 207):
"This rule, however, is not applicable to all cases, and
where the servant has equal knowledge with the master
and a full knowledge of all existing defects, and more
especially in the performance of ordinary labor in which
no intricate machinery is involved, the rule is not ap-
plicable." The evidence in this record wholly fails to
prove or tend to prove that the backing hammer was
intricate or difficult to be understood by the plaintiff.
It was simply a common hammer, and like an ax, hoe,
spade or other simple tool used in ordinary labor, with
which an employee is entirely familiar. There is an
entire absence of proof that the labor required the use
of complicated machinery or appliances, but, on the con-
trary, it affirmatively appears that it was performed with
a simple hand-hammer. Nor does the evidence prove, or
tend to prove, that the plaintiff did not have as full and
complete knowledge of its construction and defects as
had his master, the defendant. Because of the absence
of evidence on behalf of plaintiff below establishing, or
fairly tending to establish, these facts material and es-
sential to his cause of action, it was error to refuse the
defendant's request to withdraw the case from the jury.

The judgments of the superior and Appellate Courts
will be reversed, and the cause remanded to the superior
court for further proceedings consistent with this opinion.

*Reversed and remanded.*

Mr. JUSTICE BOGGS, dissenting.