## P. J. O'Brien v. Missouri, Kansas & Texas Railway Company of Texas.

### Decided July 2, 1904.

**1.—Contributory Negligence—Issue Raised.**

Evidence considered and held to raise the issue of contributory negligence on the part of a roundhouse employe in using a piece of gas pipe attached by him to the handle of a gooseneck wrench while tightening a bolt, thereby giving him an increased leverage resulting in the spreading and slipping of the wrench and the employe's fall and injury.

**2.—Personal Injury—Other Concurring Cause—Charge.**

A charge instructing that if plaintiff's injuries were not caused by the alleged fall, but by a disease arising from some other cause, the verdict should be for the defendant, and in another paragraph, that the jury could not allow any compensation for any injuries which plaintiff may have suffered from any other cause than negligence of the defendant,—was not misleading in that the jury could have understood it to mean that if there was injury for which the defendant was liable, and also disease, he would not be entitled to recover at all.

**3.—Master and Servant—Inspection.**

Where an employe needed a gooseneck wrench and instead of sending to the toolhouse for it, used one which had been thrown upon the floor of the roundhouse and was badly worn, that fact being apparent, and was injured while using it, because of its want of strength, the master could not be held liable because of the duty of inspection resting on him.

**4.—Same—Apparent Defect.**

The wrench being a simple tool, the master might assume that employes using it would discover a defect resulting from its being worn out.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

*Wolfe, Hare & Maxey,* for appellant.

*T. S. Miller* and *Smith & Beaty,* for appellee.

BOOKHOUT, Associate Justice.—This suit was instituted October 21, 1902, to recover for personal injuries claimed to have been received by appellant on the 28th day of June, 1902, while in the employ of appellee and working at its roundhouse in the city of Denison in the capacity of machinist.

The grounds of negligence alleged were that appellee furnished to him a certain tool or wrench with which to tighten the nuts on the steam chest to one of its locomotives, and that while attempting to do said work in the usual and proper manner, on account of the same being old, worn, improperly constructed and unsafe for said purpose, appellant received his injuries. That an inspection of said wrench would have shown its defective and dangerous condition. That the defendant negligently furnished the same to plaintiff, negligently provided the same for use in the manner aforesaid, negligently failed to discover its condition and defects, and failed to repair or render the same safe. That all of these facts were well known to defendant, or in the exercise of ordinary care for plaintiff's safety, and by means of an ordinary inspection, would

have been known to it in time to have prevented plaintiff's injuries, yet defendant failed to discover said condition, failed to make said inspection, failed to repair said wrench, and failed to furnish plaintiff with a tool suitable for the use and purposes for which the same was designed, in all of which matters it was guilty of negligence proximately causing plaintiff's injuries.

The defendant answered by a general exception, general denial, assumed risk and a plea of contributory negligence. A trial resulted in a verdict and judgment for defendant, and plaintiff appealed.

1. It is contended that the court erred in that portion of the sixth paragraph of the charge to the jury wherein they were told that if they believed from all the facts and circumstances in evidence before them that plaintiff was guilty of contributory negligence either in the mode in which he used said wrench, or in the place and manner he stood while using said wrench, they should find for the defendant, because there was no evidence in the case raising such issue. We do not concur in this contention.

The evidence shows that the plaintiff was injured while using a goosenecked wrench to tighten the bolts through the upper plate of the steam chest of the engine. The goosenecked wrench is made by taking a bar of steel, and after heating it, turning one part thereof at right angles to the other, one of said angles being about five inches in length, the other of which constitutes the handle, about eighteen inches in length. The short angle is hollowed out and cut in shape to fit on the nut to be tightened. To give more leverage plaintiff procured a piece of gas pipe and slipped it over the handle of the wrench, thereby lengthening it. He placed the wrench upon one of the nuts on the steam chest, and while standing on the ground over or near a block of timber, he began tightening the nut by putting his weight on the handle of the wrench and pulling backwards, when the wrench slipped or opened and spread, causing him to fall backwards upon the block of timber and injuring him. The facts were sufficient to fairly raise the issue of contributory negligence, and the court did not err in submitting the same. While it was shown that it was customary to place a piece of gas pipe on the handle of the wrench to give greater leverage, this was not shown to be safe or necessary.

2. It is insisted that the court erred in the sixth paragraph of the charge in instructing the jury as follows: "Or if you believe from the evidence that plaintiff's injuries were not caused by a fall, but you believe from the evidence that they were caused by a disease arising from some other cause, * * * you will find a verdict for the defendant." And again in the seventh paragraph, wherein they are told that they "can not allow any compensation for any injuries, if any, which plaintiff may have suffered from any other cause than negligence of defendant, if any." The objection urged to the above clauses of the charge are: "(1) There was no evidence of any other injury or disease; and (2) because same was misleading to the jury in that they

36 Civ.—34

probably understood therefrom that the court was of the opinion that appellant's condition was the result of something other than the injuries on account of which this suit was brought."

In the clause quoted from the sixth paragraph of the charge the jury were instructed, in effect, that if plaintiff's injuries were not caused by the fall, but by disease arising from some other cause, they should find for the defendant. This was further explained in the seventh paragraph, wherein, after stating the measure of damages, the court instructed the jury, if they found the defendant liable, to "allow the plaintiff such sum as they might believe from the evidence would, as a present cash payment, reasonably and fairly compensate him   *   *   *   for his injuries;" and then adding: "But you can not allow any compensation for any injuries, if any, which plaintiff may have suffered from any other cause than the negligence of defendant." The evidence, in our opinion, raised the issue whether the plaintiff's condition was due to his fall in question, or to disease, and the jury could not have understood the charge to mean that if there was injury for which defendant was liable, and also disease, he would not be entitled to recover at all.

3.   Complaint is made of the action of the court in refusing the special charge requested by appellant, as follows: "If you believe from the evidence that the wrench furnished plaintiff by defendant was not reasonably safe for his use in the work about which he was engaged, and if you further believe from the evidence that defendant failed to make such inspection of said wrench as an ordinarily prudent man in the exercise of ordinary care would have made under the same or similar circumstances, and if you believe that defendant did so fail, then you are instructed that such failure on the part of defendant would have been negligence." And also the special charge in effect that there was no duty devolving upon plaintiff to inspect the wrench with which plaintiff was at work.

Under the evidence as disclosed by the record we are of the opinion that it was not error to refuse these instructions. The evidence shows that "the defendant had furnished to plaintiff certain tools with which to discharge his duties; among others was a gooseneck wrench such as it was necessary for him to use in doing the work he was at; but that on said occasion the old roundhouse was being torn away and plaintiff's box containing his tools was torn down, so that it was impracticable and dangerous for his helper to attempt to get a tool from his said box. That defendant furnished to plaintiff a man to help him, called a helper. That plaintiff directed said helper to procure from his box said wrench. That said helper reported to plaintiff the fact that he could not get said wrench, and plaintiff then directed him to procure one from the roundhouse. That said helper went then into the roundhouse of defendant, and finding a gooseneck wrench, not in use, carried the same to plaintiff. That it was customary and usual in work in and around defendant's roundhouse when a machinist needed a tool and there was such tool as he needed lying on the floor of the roundhouse, not being used by any

other employe, to take the same and work therewith." It was further shown "that defendant kept a toolhouse where all tools were supposed to be stored when not in use, with a man in charge to check them out to employes, who were supposed to send there when they needed tools. That it was located one hundred or more feet from the point where plaintiff was at work, and contained usually a great number of goose-necked wrenches and other tools. That if he had sent to the toolhouse he could have gotten the tool there, provided the same were not all out in use."

If it can be said under this evidence the wrench was furnished plaintiff by defendant, still we are of the opinion no duty of inspection on the part of defendant was shown. During the trial four witnesses, who qualified as expert machinists and examined the wrench identified by plaintiff, testified "that it appeared to have been of the proper material and properly made originally, but was simply worn out; that the sides appeared to have been worn, thin and weak by constant friction; that they would consider it an old, wornout wrench, and that they could see no other defect in it."

We are of the opinion that defendant, in leaving a wornout wrench on the floor of the roundhouse, could not reasonably have anticipated or foreseen that the plaintiff or any other employe would, under the facts shown, make use of the same, and as a result sustain an injury. Brush Elec. L. & P. Co. v. Lefevre, 93 Texas, 604; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223.

Again, the wrench seems to have been a simple tool, and we are of the opinion that the defendant might assume that employes using such a tool would discover a defect resulting from its being worn out. Wacksmith v. Shaw, 76 N. W. Rep., 498; La Pierre v. Railway Co., 58 N. W. Rep., 60; Miller v. Railway Co., 47 N. Y. Supp., 285.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.