FRANK SUCHOMEL, Appellee, vs. JAMES MAXWELL et al.
Appellants.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

1. MASTER AND SERVANT—*what is not a common and simple implement.* A rotary rip-saw, operated by steam at a speed sufficient to rip maple boards, cannot be regarded as such a common and simple implement that the operator thereof will be held to assume the ordinary risks of its use, notwithstanding his master's promise to remedy defects therein. (*Webster Manf. Co.* v. *Nisbett*, 205 Ill. 273, distinguished.)

2. SAME—*promise to repair is effective though defect is one of construction.* The master's promise to remedy a dangerous condition of a machine with which the servant is working has the same effect with reference to the servant's right to continue to work whether such condition is occasioned by the way the machine was constructed and equipped, or resulted from wear or breakage.

3. EVIDENCE—*when refusal to strike out testimony is harmless.* Refusal to strike out a statement of the plaintiff that a piece of wood flew up and hit him in the eye is harmless, even though he stated, upon cross-examination, that he did not see what hit him, where there is circumstantial evidence other than his testimony tending to show that the thing which hit him was a piece of wood, and there is no evidence tending to show that the injury was inflicted in any other manner.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

This is an appeal by James Maxwell and Henry B. Maxwell, co-partners doing business as Maxwell Bros., from a judgment of the Appellate Court for the First District affirming a judgment for the sum of $5000 recovered by Frank Suchomel against appellants, in the circuit court of Cook county, in an action on the case for personal injuries alleged to have been sustained by him through the negligence of appellants while he was in their employ.

The declaration in two counts charges that defendants were negligent in failing to maintain in a proper condition

a certain rotary saw at which appellee was directed to work, in that said saw was not provided with a hood or apron to prevent pieces of wood thrown by the saw striking the operator; that the appellants were fully aware of its defective condition and of the dangers incident to its operation; that on the day prior to the time of the injury, a foreman of appellants, upon the complaint of appellee in regard to the condition of the saw, promised to repair the same by supplying a hood or apron within a reasonable time, and that appellee, relying on said promise, in the exercise of due care, continued in the operation of said saw until the following day, when, by reason of the absence of such hood or apron, the accident occurred. To the declaration appellants interposed the general issue. At the close of all the evidence the court denied the appellants' motion for a peremptory instruction. After the return of the verdict appellants' motion for a new trial was overruled.

Appellants, who were engaged in the lumber business in the city of Chicago, operated at their plant a number of machines for sawing and planing lumber. Among these was a rotary rip-saw, which appellee was operating at the time he was injured. In the operation of this rip-saw the operator stood at the west side of a table three and one-half feet in height, through the top of which the saw extended two or three inches, revolving toward the operator. The saw had a self-feeding device and the boards were fed into it from the west. As it revolved, sawdust, slivers and splinters from the board being sawed would be thrown from the saw in the direction of the operator. About a week before the accident happened, appellee was directed to leave the planer where he had been employed and begin work on the saw, and he did so. A few days later he complained to Joseph Havorka, alleged to have been his foreman, about the slivers and splinters flying in his face and asked him to have the saw covered. Havorka said that he would have it fixed. During the forenoon of the day of the accident,

conditions remaining unchanged, appellee complained again. Havorka assured him that the saw would be fixed and he continued at work. Thereafter, and before the noon hour arrived, a splinter or piece of wood, presumably thrown by the saw from the board appellee was then sawing, struck him in his right eye and the sight of that eye was thereby entirely destroyed. When the injury occurred appellee was standing on the west side of the table, within two feet of the edge of the saw nearest to him, holding the end of a maple board from which the saw was cutting a strip.

Appellants contend the court erred (1) in refusing to direct a verdict, and (2) in passing on a motion to strike certain evidence.

F. J. CANTY, and J. C. M. CLOW, for appellants.

JOSEPH SABATH, and LAWRENCE W. POTTER, (QUIN O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

There is evidence in this record which tends to prove (1) that it was dangerous for appellee to work at the saw in question during the time he operated it, on account of it throwing slivers and splinters of wood in his face; (2) that the ordinary hood or cover over the saw would have obviated the danger; (3) that two or three days before the injury he complained to Joseph Havorka about the saw throwing slivers and splinters and asked him to put something over the saw and that Havorka promised to "fix it;" that nothing being done, appellee, during the forenoon of the day of the accident, again complained to Havorka and Havorka again promised to supply the necessary cover; that thereafter, and during the same forenoon, appellee sustained the injury of which complaint is made, by receiving a blow in the eye from a splinter or sliver or other piece of wood thrown by the saw; (4) that appellee was by the

promise of Havorka, made on the day of the accident, induced to continue at work at the saw; and (5) that Havorka was appellee's foreman.

It is urged that this proof was not sufficient to warrant a verdict because the saw was a common and simple implement with which the appellee was entirely familiar, as was held by this court in *Webster Manf. Co. v. Nisbett,* 205 Ill. 273, in reference to a backing hammer, which was defective by reason of the fact that the face had become somewhat chipped. We are of opinion that a rotary rip-saw, operated by steam at a speed sufficient to rip maple boards, cannot be regarded as within the rule announced in the case just cited.

It is then urged that the proof is insufficient because it does not appear that the saw itself was defective or out of repair, while it is shown that the alleged difficulty was the result of the lack of an additional appliance, namely, a hood for the saw; that it is not shown that this particular saw ever had a hood, and that where the machine remains as originally constructed and is not of itself defective, and the injury results from the lack of some additional thing that never had been supplied and not from the fact that the machine itself was defective or had been suffered to become and remain out of repair, the plaintiff cannot recover following a failure to comply with a promise to supply the missing thing, as he could do in the event of sustaining an injury consequent upon a failure to comply with a promise to repair a machine that was out of order. It is immaterial whether the dangerous condition was occasioned by the way the machine was constructed and equipped or resulted from wear, breakage or other like cause. *Swift & Co. v. O'Neill,* 187 Ill. 337.

It is also urged that there was no evidence that the missile which inflicted the injury was thrown by the saw, and further that the statement of appellee that a piece of wood flew up and hit him in the eye should have been stricken

out. Appellee, on direct examination, made the statement just referred to. Upon cross-examination he stated that he did not see what hit him, whereupon a motion was made by appellants to strike all his testimony in reference to the piece of wood flying up and hitting him, and this motion was denied. Other testimony of the appellee affords circumstantial proof that the thing which hit him was a piece of wood thrown by the saw. While his statement of his conclusion that it was a piece of wood that hit him might properly have been stricken out, the court's refusal to sustain the motion to strike did not prejudice appellants, in the absence of any evidence tending to show that the injury was inflicted in any manner other than that shown by the circumstantial evidence to which we have alluded.

The court did not err in refusing to direct the jury to find a verdict for the appellants.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*