**Otto Schumann, Appellee, v. International Harvester Company, Appellant.**

### Gen. No. 17,412.

1. MASTER AND SERVANT—*when court may say whether tool is simple tool.* Where a monkey wrench is not specifically described, the court as well as the jury may say from the undisputed evidence relating thereto whether it is a simple tool.

2. MASTER AND SERVANT—*use of simple tool.* The master is not liable for injuries received from the use of a simple defective tool though he had notice of the defect, but the servant assumes the risk.

3. MASTER AND SERVANT—*directed verdict.* Verdict should be directed for defendant where, in an action for personal injuries, plaintiff's testimony is the only evidence in the case and tends to show that defendant handed him a defective monkey wrench which slipped when used and caused the injury complained of.

Action in case for person injuries. Appeal from the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed. Opinion filed October 22, 1912.

D. A. OREBAUGH, for appellant; EDGAR A. BANCROFT, of counsel.

HARRY W. STANDIDGE, for appellee; THEODORE G. CASE, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff (the appellee) recovered a judgment for $300, as damages for personal injuries received while in the employ of the defendant (the appellant). Upon the conclusion of the testimony for plaintiff, defendant moved the court to direct a verdict in its favor. The errors assigned are upon the court's refusal so to do. No evidence was introduced on behalf of the defendant. The counts in the declaration upon which the case was tried charged the defendant with negligence in furnishing plaintiff, and ordering him to work with, a certain defective monkey wrench which, while plaintiff was using the same to unscrew a certain bolt or nut, slipped off said bolt or nut and caused plaintiff's hand to come in contact with the teeth of a saw, thereby lacerating it.

The case went to the jury on the plaintiff's testimony alone. He testified, in substance, that defendant's agent, from whom plaintiff took orders, asked him if he had anything to do, and, upon his saying "No," handed him a monkey wrench and said, "Go over there and take the saw off the wheel;" that he walked over to the saw, put the wrench on the nut, tightened it up, bore down to loosen the nut, when the wrench slipped off and he struck his finger on the teeth of the saw. He further testified that he had used monkey wrenches before; that he did not examine or look at the wrench before using it; that if he had looked at it, he could have seen the defect; that immediately after the accident he did look at it and felt the "lost motion," and could see that the screw was worn; that the bolt on the wrench would slide "if not tightened right," and that its jaws "would not tighten up."

The principal questions raised by the motion are whether there was any evidence tending to show negligence on the part of the defendant, and whether the doctrine as to the use of simple tools is not applicable to the case at bar.

If the jury could infer from such testimony any negligence at all on the part of defendant, it was required to do so from the fact alone that plaintiff was handed a defective tool. There was no proof that defendant, or its agents, had any knowledge or notice of such defect, and without such proof, plaintiff could not recover unless it follows as a matter of law that the duty of inspection rested upon the defendant before handing plaintiff the tool in question. In similar cases a monkey wrench has frequently been referred to as coming within the category of a simple tool. Garnett v. Phoenix Bridge Co., 98 Fed. 192; O'Brien v. Missouri, K. & T. R. Co., 36 Tex. Civ. App. 528; Stork v. Charles Stolper Cooperage Co., 127 Wis. 318. And it has been frequently held that the duty of inspection which rests upon the master as to machinery is not imposed upon him as to simple tools, because one using a tool of simple construction may readily discover for himself its defects and the possible dangers in using it. The doctrine in this state is that for an injury received from the use of a simple tool, the master is not liable even though he has notice of its defect, and that therefore the servant assumes the risk of injury from its use. Webster Mfg. Co. v. Nisbett, 205 Ill. 273; Gunning System v. Lapointe, 212 Ill. 274; Kistner v. American Steel Foundries, 233 Ill. 35.

But appellee claims that it was a question of fact for the jury whether or not it was a simple tool. It was not specifically described, and we think the court could say as well as the jury from the undisputed evidence relating to it that the wrench was a simple tool. Applying, therefore, the doctrine aforesaid with respect to the use of simple tools, we think the court erred in denying the motion to direct a verdict for de-

fendant. We do not think the evidence tended to show a case of the character cited by appellee, where the master puts into the hands of the servant an implement for immediate and hurried use under circumstances which might present facts for the application of a different rule as to the master's negligence in so doing.

The judgment will be reversed.

*Reversed.*