## ST. LOUIS & S. F. R. CO. v. MAYNE.

No. 2335.    Opinion Filed October 23, 1912.

(127 Pac. 474.)

MASTER AND SERVANT — Injuries to Servant — Defective Tools — Knowledge of Servant. An auger bit, the cutting points of which have become shortened and dull from use and frequent sharpening, is an ordinary simple tool, with the use and condition of which a servant of experience has as much or greater knowledge than the master, and where a servant with twelve years' experience as a carpenter, is injured while boring a hole with such tool, and the only negligence relied on or attempted to be proven, is such defect, of dull and worn condition, it not being claimed that it broke, or was otherwise out of repair, held, that the evidence fails to show a violation by the master of any duty owing to the servant, and that the judgment is therefore not supported by evidence.

(Syllabus ·by Brewer, C.)

*Error from District Court, Choctaw County;*
*Jas. R. Armstrong, Judge.*

Action by Frank H. Mayne against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*R. L. Evans* and *T. A. Johnson,* for defendant in error.

Opinion by BREWER, C. This suit was filed by Frank H. Mayne in the district court of Choctaw county against the St. Louis & San Francisco Railroad Company on October 8, 1909, for the recovery of damages for personal injuries alleged to have been caused by the negligence of the railroad company in providing plaintiff with a defective tool with which to work.

It appears that plaintiff was a carpenter by occupation, having had some twelve years' experience in such trade; that he had worked for defendant about three years and in the repair shops at Hugo for more than a year; that on the day of the

injury plaintiff undertook to bore an inch hole through a piece of timber two inches thick, ten inches wide, and 25 inches long, with a hand boring machine belonging to defendant and found there in the shop. The only negligence claimed, shown, or attempted to be shown is that the auger bit which worked in this hand boring machine was dull and the cutting edge of the bit considerably worn down from having been sharpened with a file. It is not claimed that the machine or the bit were otherwise out of repair. It is shown that the machine is a simple contrivance, no more complicated in its mechanism than the ordinary brace and bit. While using it upon the day in question, plaintiff lay a heavy piece of timber upon two wooden saw-horses 23 inches high. Upon this piece of timber he placed the smaller piece which he was working upon. On top of that he put the boring machine, sitting astride it, and clamping it with his legs. In operating the machine, holding to its wooden handles, he pulled with force in turning it, which caused it to move under him and he toppled over and fell, striking his side against a doorknob in close proximity to where he was working. Plaintiff recovered a judgment of $500, to review which this proceeding in error was instituted.

At the conclusion of plaintiff's evidence defendant demurred thereto, which being overruled, it offered its testimony, and at the close of all the evidence asked the court to give the jury a peremptory instruction in its favor. The refusal of the court to so charge the jury is the serious question presented here. This involves the doctrines of negligence and inspection as applied to a master furnishing the ordinary simple tools used in common labor to his servant. On this question Judge Bailey in his work on Personal Injuries (1 Bailey, Personal Injuries [2d Ed.], sec. 160), under subtitle of "Ordinary Tools," says:

"The question as to how far, if at all, the duty of the master extends to furnishing and inspecting ordinary tools, such as hammers, ladders, etc., is the subject of considerable conflict in the decisions, and reference should also be made to the subdivision on inspection. There is also much diversity of opinion as to what shall be considered as an ordinary tool or implement. It has been held that a statute rendering the master liable for defective 'ma-

chinery' is not extended to a case of injury to an employee arising from the use of ordinary tools such as a hammer. It was stated: 'We cannot hold, for in our opinion it is not the law, that an employer is liable to a servant when he furnishes him with an axe, a wagon, a saw, a hammer, or any other tool which appears to be first class, and which subsequently, by some latent defect, breaks and injures the servant. If such were the law, every farmer, contractor, or other employer would be liable to his employee when he furnished him tools and they broke and injured him on account of some latent defects which could not be ascertained by the exercise of ordinary care.' In reference to the general rule, it was said: 'It is one of a just and salutary character, designed for the benefit of employees engaged in work where machinery and materials are used of which they can have but little knowledge, and not for those engaged in ordinary labor which only requires the use of implements with which they are entirely familiar.' * * * Generally speaking, in the case of simple tools, no liability rests upon the master for the ordinary perils resulting from their use, nor for those latent and ordinary defects or weaknesses which by reason of the common usual character of the appliance are presumed to be known by all men alike; but such exemption is based on the condition that the defect and peril are such that no superiority of knowledge of the master over the employee exists or can be presumed."

And in 3 Elliott on Railroads (2d Ed.), sec. 1278a, under title "Simple Tools," we extract the following:

"Many authorities are cited, and the rule is thus stated in a recent case: 'When the appliances or machinery furnished employees are at all complicated in character or construction, the employer is charged with the duty of making such reasonable inspection as is necessary to detect defects. But the master is under no duty to inspect simple or common tools, or to discover or remedy defects arising necessarily from the ordinary use of such instruments."

In the case of *Martin v. Highland Park Mfg. Co.*, 128 N. C. 264, 38 S. E. 876, 83 Am. St. Rep. 671, where the servant was injured by a piece flying from the face of a hammer which he was at the time using in driving an iron key or bolt into a shaft where the bolt was too large, this rule was applied and the master held not liable, and in the course of the opinion the court said:

"Surely, it cannot be seriously contended that every employer is responsible for injuries occurring from improperly tempered

axes, hoes, scythes, trace chains, lap links, bridle-bits, etc., the imperfections of which could not be known till used, or for defective whiffle-trees, axe-helves, hoe-helves, hand-spikes, plow-lines, and such like (the defects of which would be first discovered by the party using them), unless the employer is shown to have had knowledge of such defects. If such be the rules of law, then the contentment of the farmer must give place to anxiety and dread lest injury, resulting to a servant from a splintered hoe-helve or hand-spike, defective bridle-bit, whiffle-tree or plow-line, *et id simele,* may at any time occur, and sweep from him his farm and belongings in compensation of the damage done. To the same experience would the contractor expect to be subjected, should a defective nail, while being driven by one of his carpenters, break and do injury, to which doctrine we cannot subscribe."

And in the case of *Webster Mfg. Co. v. Nisbett,* 205 Ill. 273, 68 N. E. 936, which was a case of injury resulting from the use of a "Backing Hammer" the face of which had become chipped and out of repair, the court in applying the doctrine of simple and ordinary tools quotes with approval the following from *Meador v. Lake Shore & M. S. Ry. Co.,* 138 Ind. 290, 37 N. E. 721, 46 Am. St. Rep. 384:

"In an action for a personal injury occasioned by a defective ladder used by a watchman in lighting and extinguishing lamps at street crossings, the court said: 'The fact that he notified the master of the defect and asked for another implement, and the master promised to furnish it, in such a case does not render the master responsible if an accident occurs. A rule imposing liability under such circumstances would be far-reaching in its consequences, and would extend the rule of *respondeat superior* to many of the vocations in life for which it was never intended. It is a just and salutary rule, designed for the benefit of employees engaged in work where machinery and materials are used of which they have little knowledge, and not for those engaged in ordinary labor, which only requires the use of implements with which they are entirely familiar.' The plaintiff in the case at bar was of the latter class of laborers, and the work in which he was engaged was not of a character which would entitle him to the protection of the principle referred to, as applied to the use of complicated machinery. * * * No contrivance could be simpler in its construction than this five-foot ladder—not even a

hoe, an axe, or a spade. Appellant had at least equal knowledge with the company as to the nature and condition of the ladder."

The following additional cases apply the doctrine where the tool was a ladder: *Marsh v. Chickering,* 101 N. Y. 396, 5 N. E. 56; *Cahill v. Hilton,* 106 N. Y. 512, 518, 13 N. E. 339; *Meador v. Lake Shore & M. S. Ry. Co.,* 138 Ind. 290, 37 N. E. 721, 46 Am. St. Rep. 384. However, the question of whether a ladder is a simple tool and comes within the rule applied to such depends on the length, construction, purposes for which, and the situation in which, it is to be used.

The rule has been applied in "hammer" cases in *Webster Mfg. Co. v. Nisbett,* 205 Ill. 273, 68 N. E. 936; *Wachsmuth v. Electric Crane Co.,* 118 Mich. 275, 76 N. W. 497 (a snap hammer); *Dompier v. Lewis,* 131 Mich. 144, 91 N. W. 152; *Lynn v. Sugar Beet Co.,* 128 Iowa 501, 104 N. W. 577; *Golden v. Ellis,* 104 Me. 177, 71 Atl. 649; *Koschman v. Ash,* 98 Minn. 312, 108 N. W. 514, 116 Am. St. Rep. 373. In the case of *Morris v. Eastern R. Co.,* 88 Minn. 112, 92 N. W. 535, it was stated that the rule that the master does not owe his servant the duty of inspecting small tools, such as hammers, wrenches, saws, augers, planes, etc., applies only to defects arising from use, etc. The case of *Miller v. Erie R. Co.,* 21 App. Div. 45, 47 N. Y. Supp. 285, was a case where the tool was a push pole by which an engine on one track was used to move a car on an adjoining track. In *Railway Co. v. Larkin,* 98 Tex. 225, 82 S. W. 1026, 1 L. R. A. (N. S.) 944, a defective globe on a lantern was involved. In *O'Brien v. Railway Co.,* 36 Tex. Civ. App. 528, 82 S. W. 319, a defective wrench was the tool complained of. In *Lehman v. Chicago, St. P., M. & O. R. Co.,* 140 Wis. 497, 122 N. W. 1059, the syllabus is:

"An implement having a wooden handle about three feet long, inserted in an iron cross-head, having a hammer face on one and a pick point on the other end, is a simple tool, which the master need not inspect."

In *Potter v. C., R. I. & P. Ry. Co.,* 46 Iowa, 399, a pole or stick used as a temporary axle was held to be an ordinary tool. In *Gillaspie v. Union Iron Works,* 76 Kan. 70, 90 Pac. 760, a set or snap used to receive blows of a sledge in riveting eyebeams

was considered and treated as an ordinary or simple tool, although the specific reason of the ground for the decision that the master was not liable for an injury to an employee from a sliver flying from the tool was that the danger was as apparent and within the comprehension of the employee as the master. In the case of *Nelson-Bethel Clothing Co. v. Pitts,* 131 Ky. 65, 114 S. W. 331, 23 L. R. A. (N. S.) 1013, it was held that an ordinary sewing machine belt, consisting of several parts fastened with hooks, is not a dangerous instrumentality, the use of which by the master will render him liable to his servant for injuries. In *Garnett v. Phoenix Bridge Co.* (C. C.) 98 Fed. 192, where a wrench used by an employee in screwing a nut on a bolt broke from the strain, causing the employee to fall from an elevated position, it was held that of itself was not negligence. The wrench was not a dangerous tool, and injury resulting from its breaking could not reasonably have been anticipated. See, also, *Georgia R. & B. Co. v. Nelms,* 83 Ga. 70, 9 S. E. 1049, 20 Am. St. Rep. 308; *Garragan v. Fall River Iron Works Co.,* 158 Mass. 596, 33 N. E. 652; *Power Co. v. Murphy,* 115 Ind. 566, 18 N. E. 30; *Georgia Pac. Ry. Co. v. Brooks,* 84 Ala. 138, 4 South. 289. It is to be borne in mind that in the case at bar the hand machine was in perfect condition, except as to the bit itself, which was worn and dull. Nothing broke, nothing failed to work. The dullness of the bit merely caused it to work tighter in the wood, causing an expenditure of more strength by the workman. In exerting the necessary force the workman fell off .the timbers, striking against the knob of a door standing ajar against the wall of the building. The plaintiff admits that he apprehended no such accident. Could it be said that such a result from boring a hole with a dull auger could have been within the bounds of the master's contemplation? Such a result as ought to have been anticipated and provided against? We cannot think so. And this leads us to conclude that there was no evidence in the case tending to show a violation of any duty the master owed to the servant, and therefore the case should be reversed.

By the Court: It is so ordered.