## CUMBERLAND TELEPHONE CO. *v.* LOOMIS.

### (*Jackson.* April 11, 1889.)

MASTER AND SERVANT. *Erroneous charge as to servant's duty.*

Charge to the effect that servant may assume that a telephone pole, which he is required to climb in due course of his employment, is safe, and suitable for that purpose, is erroneous in a suit brought by the servant for injuries caused by the breaking of the pole, in that it relieves him from the exercise of ordinary care for his own safety, and decides that he was not the company's "inspector" of poles—a disputed fact in the case.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

TURLEY & WRIGHT for Telephone Company.

WATSON & HIRSH for Loomis.

SNODGRASS, J. The defendant in error sued for damages consequent upon an injury received while in the service of the Telephone Company, and repairing its lines, January 23, 1888. He was engaged in the removal of useless or dead wires, when the post upon which he was while doing this service broke off and threw him to the ground, whereby he was badly injured.

The negligence of the company averred was in providing an unsafe and unsuitable pole.

There were verdict and judgment in favor of Loomis for $5,000, and defendant appealed in error.

Numerous errors are assigned, only one of which, as it is a fatal objection, we deem it necessary to notice, and that is to the following paragraph in the charge of the Court:

"Plaintiff had a right to assume that the pole upon which he was ordered to work in cutting away the dead wire was safe and suitable, and of sufficient strength to support the wires and cable suspended thereon, together with his weight, and it was not Loomis' duty, when sent to cut away dead wires, to inspect the pole."

The objection to this is two-fold. First, that it assumes as a matter of fact, and so decides, that Loomis was not the employe who should have served as "inspector" for the company, which was a disputed question of fact; and second, that it does not impose upon him, or rather relieves him from, the duty of ordinary care and caution in, by inspection or otherwise, ascertaining the condition of the pole, the extent of the danger, and guarding against it as far as reasonably practicable.

The charge is, in this connection, open to both objections, and it is generally subject to the last, as the Circuit Judge nowhere charges that plaintiff's injury must not have been the result of the want of reasonable care on his part.

For the errors indicated the judgment must be reversed, and the case remanded for a new trial.