## DIXON v. WESTERN UNION TEL. CO.

(Circuit Court, D. Indiana. December 26, 1895.)

### No. 9,207.

1. INJURY TO EMPLOYE—DEFECTIVE TELEPHONE POLE.
    When, in the course of the erection of a telegraph pole by a telegraph company, an occasion arises for the casual and sporadic use of a telephone pole belonging to another company, to remove an obstructing wire, the telegraph company is not at fault because it directs an employé to climb such telephone pole without making a previous inspection to ascertain whether it is safe.

2. SAME—ASSUMPTION OF RISK.
    The risk from defects in such a pole is incidental to the service of the employé, and is assumed by him, unless he insists on an inspection of the pole.

Action by Thomas W. Dixon against the Western Union Telegraph Company. Demurrer to complaint sustained.

Finch & Finch and Dunn & Love, for plaintiff.

Butler, Snow & Butler and Chambers, Pickens & Moore, for defendant.

BAKER, District Judge. The third paragraph of the complaint, to which a demurrer has been interposed for want of facts, does not aver that the telephone pole belonged to, or was under the control of, the defendant; and, from the fact that it is only empowered to erect and use poles for telegraphic purposes, the court must assume that the defective and unsafe telephone pole belonged to another company, and that the defendant had no interest in, or right of control over, it. The sole ground of negligence charged is in the failure of the defendant and its foreman to inspect the telephone pole and the spikes which had been driven therein, before directing the plaintiff to climb it. It is also alleged that the defendant and its foreman failed to notify the plaintiff that the pole had not been inspected. But, unless the defendant was bound to inspect the pole before directing the plaintiff to climb it, it is not apparent how it could be held responsible for failure to notify him that it had not done something which it was under no obligation to do. The true question, then, is this: Is the defendant responsible to the plaintiff for failure to inspect a telephone pole which does not belong to it, and over which it has no control, but which

was casually used as a means of removing an obstructing wire or wires which hindered the erection of a telegraph pole which the plaintiff, with others, was engaged in putting up? It is not averred that there is or was any custom, in the line of service in which the plaintiff was employed, making it the duty of the defendant to inspect telephone poles belonging to another company, which its employés might have occasion casually to climb in the performance of their duties; nor is it alleged that the defendant was under any duty, arising out of contract, to make such inspection. Therefore the duty of inspection, under the circumstances, if any such duty existed, was one imposed by law upon the defendant. Under the circumstances disclosed in this paragraph of the complaint, it does not seem to me that the law governing the relation of master and servant casts any absolute duty of inspection on the defendant, so that the mere failure to inspect the telephone pole would make it responsible for the accident to the plaintiff. So far as I can see, the defendant was no more bound to inspect the telephone pole than it would have been to inspect a tree, where limbs must be removed in order to erect a telegraph pole. It seems to me the risk was incidental to the service, and was assumed by the plaintiff, and that, if he was unwilling to incur the risk, he should have insisted on an inspection of the pole before climbing it. Wood, Mast. & Serv. § 414; Bailey, Mast. Liab. p. 102; Dixon v. Telegraph Co., 68 Fed. 630; Flood v. Telegraph Co., 131 N. Y. 603, 30 N. E. 196; Garragan v. Iron Works, 158 Mass. 596, 33 N. E. 652; Trask v. Railroad Co., 156 Mass. 298, 31 N. E. 6; Telephone Co. v. Loomis, 87 Tenn. 504, 11 S. W. 356; Junior v. Power Co. (Mo. Sup.) 29 S. W. 988. The plaintiff voluntarily climbed the pole, without requiring its inspection at the time, or ascertaining whether any one had previously inspected it. As the pole did not belong to the defendant, he knew, or ought to have known, that its maintenance in a state of reasonably safe repair was not a duty incumbent on his employer, and that no occasion requiring it to inspect the pole had arisen, or could arise until the moment when a necessity for its casual use should happen. So far as shown by the paragraph, no one knew that there would be any occasion to climb the telephone pole, until, in the erection of the telegraph pole, it was discovered that the removal of the obstructing wire or wires was necessary. When, in the course of the erection of a telegraph pole, an occasion arises for the casual and sporadic use of a telephone pole belonging to another company, to remove an obstructing wire, I do not think it a breach of the master's duty to direct an employé to climb such telephone pole, without a previous inspection of it having been made. Whether the defendant would be responsible for a failure to inspect, if the pole had belonged to it, it is not necessary to consider. The demurrer is sustained.