# VICTORIA ROQUE REYES

*v.*

# PORTO RICO LEAF TOBACCO COMPANY, A Corporation.

San Juan, Law, No. 953.

On DEMURRER TO PLEA, ETC.

Negligence—Federal Practice.

1. Under the Federal practice, negligence and contributory negligence are essentially matters for the jury.

Electric Current—Company Liable.

2. If an electric current comes from a telephone wire, the telephone employee injured need not look further than the telephone company, whatever may be the rights over of the telephone company against the electric company.

Employee—Public.

3. The rights of an employee injured by a wire of his employer are different from those of the public.

Assumption of Risk—Extent.

4. An employee knowing the task set before him assumes the ordinary risks of the business, but the non-insulation of another company's electric wire is not within the risks assumed by the telephone employee.

Practice—Law in the Complaint.

5. It is not necessary to state legal propositions in a complaint, but if short it is discretionary whether to strike them out or not.

Opinion filed February 24, 1914.

NOTE.—The authorities on a servant's assumption of obvious risks of hazardous employment are collated in a note in 1 L.R.A.(N.S.) 272. And on the question of servant's assumption of risk of danger imperfectly appreciated, see note in 4 L.R.A.(N.S.) 990. And as to the servant's· assumption of risk from latent danger or defect, see note in 17 L.R.A. (N.S.) 76.

*Mr. Hugh R. Francis* for plaintiff.

*Mr. Louis Banigan* for defendant.

HAMILTON, Judge, delivered the following opinion:

In this cause there is a complaint, motion to strike parts of the complaint, and what is equivalent to a demurrer, although called a plea. These points can be decided after a consideration of the cause of action alleged.

The facts alleged are that the plaintiff's intestate, Sabino Sanchez Roque, was an employee of the defendant, and in the discharge of his duties as such threw a telephone wire, by direction of his superior in the defendant's service, across the high-power wire of an electric light company. The telephone wire struck an uninsulated part of the electric light wire, so that the current caused the death of the said intestate. The plaintiff is the mother of the decedent, and sues as his only heir. The plaintiff has in this case sued the telephone company, the employer of her intestate, and has not sued the electric light company. The plea alleges that the accident was due to the fault of the electric light company in not keeping its wire insulated, and alleges that the defendant in this case had a right to rely upon such insulation, which was required by law.

1. As set out in the complaint, this is a case of damages for personal injuries from negligence. Negligence under the Federal practice is essentially a matter for the jury. This is equally true of contributory negligence, and, in effect of the defense of assumption of risks. Grand Trunk R. Co. v. Ives, 144 U. S. 429, 36 L. ed. 493, 12 Sup. Ct. Rep. 679, 12 Am. Neg. Cas.

Reyes v. Porto Rico Leaf Tobacco Co.

659. The facts may be so plain that all men will agree that there was no negligence charged, but in a matter of doubt the court will always let the case go to the jury.

2. The electric current which killed the decedent seems, under the facts disclosed in the proceedings, to have come from the electric light company, which is not a party to the suit. The defense set up by the plea is that the negligence was that of the electric light company, and reliance is had upon the case of Rosado v. Ponce R. & Light Co. 18 P. R. R. 595. That company may be liable, and it may be under this principle that the telephone company, like any other member of the public, has recourse against the electric light company for damages it may suffer; but that is not the case at bar. The question here is, what is the responsibility of an employer towards his employee under the circumstances set out in the complaint? The plea (demurrer), therefore, is insufficient, and is overruled. Code Civ. Proc. § 101.

3. There are a number of cases, which will be found in 31 L.R.A. page 566, holding that under the circumstances set out in the complaint there is a joint liability on the part of the electric light company and of the telephone company. As expressed in McKay v. Southern Bell Teleph. & Teleg. Co. 111 Ala. 337, 31 L.R.A. 589, 56 Am. St. Rep. 59, 19 So. 695, the electric or trolley company furnishes the current, and the telephone company furnishes the wire, with the result that they are jointly liable. This, however, was the case of the death of a carriage horse in a public street, caused by the hanging of a telephone wire which had fallen over a trolley wire. The case expressed in the complaint at bar does not relate to the duty owed by the defendant to the public, or to its own customers, as in

the case of San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 56 L. ed. 680, 32 Sup. Ct. Rep. 399.

4. What, then, is the duty of a telephone company to its employees under such circumstances?

The employee is bound to obey all the ordinary directions given him by his superior, and in the case of a telephone company this, in the matter of putting up a wire, extends to the ordinary circumstances connected with such erection. It will be necessary to cut the branches of trees, so that the wire may not be impeded, and sometimes to go upon the tops of houses. These are the ordinary incidents of the business, and wherever the employee can be reasonably said to know what is the task set before him, and discharges it, he assumes the ordinary risks of the business. Under this principle it has been held that he can be directed to go up the pole of another public service corporation, and assumes the risks of the nails being in good order. This is right, because ascending poles is something he is supposed to be used to, and he can judge of all the circumstances even better than his superior on the ground below. Dixon v. Western U. Teleg. Co. 71 Fed. 143.

It would not seem, however, that the facts alleged at bar are such that they come within the assumption of risks of the telephone employee. The telephone company may have the right to rely upon the electric light company doing its duty, in the way of insulating its wires; but if there is a mistake it should not be visited upon the employee, who is bound to obey orders, and in the case at bar might not have the intelligence necessary to know of the risks. The noninsulation of another company's electric wire is not within the risks assumed by the employee of a telephone company, and the plea, therefore, must be held bad. Treated as a demurrer, it is overruled.

5. There are several motions, on the part of the defendant, to strike from the complaint allegations of legal duty, on the ground that they are conclusions of law. These motions will be overruled *pro forma* for the present. It is true that a complaint is not the place to argue questions of law, as the law will be given to the jury in proper charges at the trial, after the facts and law have been fully discussed before the court; but it is not necessary to pass upon these motions at present. Putting them in the complaint gives them no force, but they would seem to do no harm, and are not of such a length as to make the complaint prolix. This motion is denied.

Orders will be entered accordingly.