Argued March 26, affirmed April 21, rehearing denied May 26, 1914.

## POWELL *v.* SUTHERLIN LAND CO.

### (140 Pac. 998; 141 Pac. 1016.)

**Master and Servant—Injuries to Servant—Actions—Questions for Jury.**

1. In an action against an employer for injuries from the falling of an electric light pole on which plaintiff was climbing, it was a question for the jury whether it was negligence of the employer to permit a switch to be out of repair or removed from the pole, or to permit old poles to remain in use at the time of the accident without testing or repair.

**Master and Servant—Injuries to Servant—Actions—Question for Jury.**

2. In an action against an employer for injuries from the falling of an electric light pole on which plaintiff was climbing, evidence *held* to present a question for the jury whether plaintiff knew or ought to have known of the defective condition of the pole.

[As to jury as judges of the law as well as the facts, see notes in 33 Am. Rep. 791; 42 Am. St. Rep. 290.]

**Master and Servant—Injury to Servant—Direction of Verdict—Conflicting Evidence.**

3. A motion for an instructed verdict for defendant, based on the defense that plaintiff was the foreman in charge of the poles and switch which caused the injury, upon which there was a dispute in the evidence, was properly denied.

Trial—Instructions—Requests—Instructions Already Given.

4. The refusal of instructions that, if plaintiff knew that the pole on which he was injured was so dangerous that a prudent person would not climb it, or if an inspection would have disclosed such condition, he cannot recover, for the reason that he assumed the risk, that he is bound by allegations in the complaint that he is an electrician and lineman, and must be conclusively presumed to have known of the danger incident to that line of employment, and that it is not necessary to relieve defendant from liability that plaintiff should have been employed as foreman, but it is sufficient that he was employed as a lineman whose duty it was to discover and remedy defects in the line, is not error, where the grounds stated are fairly covered in the general instructions, so far as the evidence justified, the jury having been instructed that, if the plaintiff knew that defendant had no other servant, to inspect its poles and continued in the employment, he assumed the duty of testing the poles, and other instructions having been given as to burden of proof of defendant's negligence, as to whether plaintiff was foreman, the defendant's duty if plaintiff was not foreman, and the risk assumed by plaintiff.

[As to what are proper subjects of instructions to jury, see note in 72 Am. Dec. 538.]

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by Fred C. Powell against the Sutherlin Land & Water Company, a corporation, for personal injuries received by the plaintiff while climbing an electric light pole, which fell with him on account of its rotten condition.    There are but four assignments of error, namely: The denial of a motion for judgment of nonsuit, denial of a motion for a directed verdict in favor of defendant, and the refusal of the court to give two requested instructions.    The jury found a verdict in plaintiff's favor for the sum of $5,500.    From a judgment thereon, the defendant appeals.        AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Dexter Rice* and *Mr. Elbert B. Hermann,* with an oral argument by *Mr. Rice.*

For respondent there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

MR. JUSTICE EAKIN delivered the opinion of the court.

At the close of plaintiff's testimony, defendant moved for a judgment of nonsuit; and, at the close of the evidence, moved for a directed verdict. It is principally upon the denial of these two motions upon which defendant bases this appeal.

1. The grounds for the judgment of nonsuit are that plaintiff failed to show any negligence on the part of defendant, but that the accident was the result of plaintiff's own negligence, and the risk was assumed by him. It was a question for the jury whether it was negligence on the part of the company to permit the switch on the Oakland circuit to be out of repair or removed from the pole. It was also for the jury to determine whether it was negligence for the company to permit the old poles to remain in use at the time of the accident without testing or repair. These were the issues tendered by the complaint.

2. The answer tenders the issue as to whether the plaintiff was the foreman of the line. It was for the jury to decide whether plaintiff knew or ought to have known the defective condition of the pole. He testified that when he climbed the pole it was all right, so far as he knew, being supported by two guy wires, and that he supposed it to be perfectly safe; so that the court could not take the case from the jury by a judgment of nonsuit.

3. The motion for an instructed verdict in favor of the defendant is dependent largely upon the defense set up in the answer that plaintiff was the foreman in charge of, and responsible for the condition of, the poles and switch upon which there was a dispute in the evidence, and therefore defendant was not entitled to a directed verdict.

4. Error is also assigned in the refusal of the court to give requested instructions as follows: "No. 4. If you find from the evidence that the plaintiff knew that the pole upon which he was injured was so dangerous that a prudent person would not climb it, or if an inspection of the pole would have disclosed such dangerous condition, then the plaintiff cannot recover in this action, for the reason that he assumed the risk incident to climbing such dangerous pole. * * No. 6. The plaintiff has alleged in his complaint that he is an electrician and lineman. He is therefore bound by this allegation, and cannot now be heard to say that he did not possess the knowledge and efficiency of the ordinary electrician and lineman, and must be conclusively presumed to have known and appreciated the danger incident to such line of employment. In this connection I also instruct you that it is not necessary to relieve the defendant from liability that plaintiff should have been employed in the capacity as foreman. It is enough that he was employed as a lineman whose duty it was to discover and remedy defects in the line even though he did not hold the position of foreman."

The court in its general instructions to the jury fairly covered the ground stated in these two requests so far as the evidence justified. He instructed the jury to the effect that, if the plaintiff was employed by the defendant to carry on the electric plant, not including the duty of keeping the poles in repair, then it would have been the duty of the defendant to have done so. Also he instructed them:

"If you find * * that the plaintiff knew the defendant had no other servant whose duty it was to inspect its poles and continued in the employment, * * he assumed the obligation and duty of testing the poles himself. * * "

Many other instructions were given as to the burden of proof upon plaintiff concerning the negligence of the defendant, as to whether plaintiff was the foreman of the line, his responsibility therefor if he was such foreman, and the defendant's duty if the plaintiff was not foreman of the line, and as to the risk assumed by plaintiff in accepting the employment.

We find no error in the refusal of the requested instructions.

The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.

Denied May 26, 1914.

ON PETITION FOR REHEARING

(141 Pac. 1016.)

MR. JUSTICE EAKIN delivered the opinion of the court.

Defendant urges that the opinion of this court did not decide whether plaintiff by remaining in defendant's employ, knowing that defendant had no one employed to test the safety of the poles, assumed the duty to inspect them himself, and that he was guilty of contributory negligence as a matter of law. In other words, he thinks this court should say as a matter of law that plaintiff was guilty of contributory negligence, thereby entitling defendant to judgment of nonsuit. In the opinion we held that that was a question for the jury, and was properly presented to them. Counsel assumes that plaintiff was the foreman of the plant and had authority to set new poles in the Oakland circuit. He was only 22 years old, but was al-

lowed to use his discretion in some things, though not
generally. He had been told by Hicks, the superinten-
dent, that they were going to discontinue the Oakland
line and would not renew it; and he had no orders to
examine the poles or renew them. The pole mentioned
had two guy wires, and so far as he knew or could see
it was all right, having no reason to doubt its suffi-
ciency. The poles were renewed only where directed
by the superintendent, and in town they were to be
renewed only after a resurvey so they could put the
poles in the alleys.

The case of *Goddard* v. *Interstate Telephone Co.,* 56
Wash. 536 (106 Pac. 188), is not in point, as in that
case the defect causing the injury was open and visible
to plaintiff, and he had his hand on it, which was proof
of contributory negligence. In this case the defect was
invisible, and was made to appear only by plaintiff's
weight at the top of the pole and the cutting of the wire
to disconnect it. The case of *McGorty* v. *Southern
etc. Telephone Co.,* 69 Conn. 635 (38 Atl. 359, 61 Am.
St. Rep. 62) says that whether it is incumbent on the
master or servant to test the poles before permitting
the lineman to climb them is usually a question of fact
for the jury: See, also, *Cumberland Telephone Co.* v.
*Loomis,* 87 Tenn. 504 (11 S. W. 356). The employee
assumes the ordinary hazard of the employment, and
also the risks that are open and visible. An assumed
risk is defined by Mr. Justice Moore in *Johnston* v.
*Oregon Short Line Ry. Co.,* 23 Or. 95 (31 Pac. 283), as
an open, visible risk, which latter is defined as one so
patent that a person familiar with the business will
instantly recognize it, and about which there can be no
difference of opinion: See, also, *Roth* v. *Northern Pac.
L. Co.,* 18 Or. 205 (22 Pac. 842); *Millen* v. *Pacific
Bridge Co.,* 51 Or. 538 (95 Pac. 196). In *Williams*

v. *Sleepy Hollow Min. Co.*, 37 Colo. 62 (86 Pac. 337, 11 Ann. Cas. 111, 7 L. R. A. (N. S.) 1170), it is said the burden is on the defendant to show that the servant knew of the latent danger. These things made it proper to submit the case to the jury.

The petition is denied.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.